**The HERTZ CORPORATION and Hertz System, Inc., Plaintiffs,**

v.

**Schuyler I. KNICKERBOCKER, F. Perry Davis, Albert J. Rosen, M. M. Waterbor, Marvin Roye, and Association of Hertz Licensees, Inc., Defendants.**

United States District Court
S. D. New York.

Feb. 28, 1962.

Kupferman & Price, New York City, for plaintiffs. Theodore R. Kupferman and Robert Price, New York City, of counsel.

Satterlee, Warfield & Stephens, New York City, for defendants. Francis W. H. Adams, Henry J. Formon, Jr., and Doris Wechsler, New York City, of counsel.

METZNER, District Judge.

Defendants move to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b) (1) and (6), 28 U.S.C.A.

The complaint alleges that plaintiff The Hertz Corporation and its related companies have been in the automobile and truck rental business for many years and that the name "Hertz" has come to be well known in this connection. It is also alleged that the name "Hertz" has come to mean and is understood to mean, throughout the United States, the plaintiffs' services. Plaintiff Hertz System, Inc., which is a wholly owned subsidiary of The Hertz Corporation, registered the mark "Hertz" in the United States Patent Office and Registration No. 614,123 was issued on October 11, 1955. The registration recites its use in connection with the rental of automobiles and trucks. An affidavit of continuous use was filed in 1961 which rendered the mark incontestable (15 U.S.C.A. § 1065). In November 1961 the defendants organized a membership corporation known as the "Association of Hertz Licensees, Inc." The certificate of incorporation provided:

> "The territory in which its operations are principally to be conducted is any State, territory, possession of the United States, or any subdivision of the foregoing, or the United States or the District of Columbia, the Dominion of Canada and elsewhere wherever automobile and truck rental and leasing business is conducted, but its operation shall not be limited to such territory."

It is alleged that defendants' use of the mark "Hertz" without the consent of the plaintiffs and with full knowledge of

plaintiffs' rights therein constitutes an infringement of plaintiffs' registered mark.

There is a second cause of action predicated upon section 368–d of the General Business Law of the State of New York, McKinney's Consol.Laws, c. 20, alleging that the use of the name by the defendants will injure the business reputation of the plaintiffs and dilute the distinctive quality in the name "Hertz".

The complaint seeks a permanent injunction and treble damages under the provisions of the trademark laws.

 Plaintiffs have what is known as a "service mark", which is protected by section 3 of the Lanham Act (15 U.S. C.A. § 1053). The defect in the complaint is that it does not allege a violation of plaintiffs' rights that is actionable. Section 32(1) (a) of the Lanham Act (15 U.S.C.A. § 1114(1) (a)) permits a registrant to avail itself of the remedies of the Act against anyone who shall, in commerce, use, without the consent of the registrant, any copy of any registered mark in connection "with the sale, offering for sale, or advertising of any goods or services on or in connection with which such use is likely to cause confusion * * * as to the source of origin of such goods or services * * *." The complaint does not allege, nor by inference can it be assumed, that defendants have used such mark in commerce and in conjunction with services. The quotation in the complaint from the certificate of incorporation merely indicates what the corporation intends to do. The Lanham Act does not afford protection against intention, but only against overt acts. Until something is done to carry out the announced purposes of the organization, the protection of plaintiffs' mark has not been invaded. I assume what plaintiffs wish to do here is nip in the bud any contemplated activities by the defendants, but the Act does not afford this type of relief.

Defendants also assert that the complaint does not sufficiently allege confusion as required by the Act, but in this they are in error.

 Plaintiff The Hertz Corporation does not have standing under section 32(1) (a) of the Act to sue on the first cause of action. This section gives the right to a registrant and not to a related company. The definition of "registrant" appearing in 15 U.S.C.A. § 1127 does not include "related company". The definition of "related company" refers to those portions of the Act where the term is specifically used.

 Since the first cause of action, based on trademark infringement, has been dismissed, the second cause of action for unfair competition must be dismissed. The ground for finding pendent jurisdiction no longer exists. Walters v. Shari Music Publishing Corp., 193 F.Supp. 307 (S.D.N.Y.1961).

Motion granted. So ordered.