**Vasco Duarte MOTA, Plaintiff,**

v.

**BOYD, WEIR & SEWELL, INC., Administracion General De La Flota Mercante Del Estado, Beekman-Downtown Hospital and Nicholas H. Del Valle, Defendants.**

United States District Court
S. D. New York.
June 19, 1962.

Lebovici & Safir, New York City, for plaintiff, Herbert Lebovici, New York City, of counsel.

Kirlin, Campbell & Keating, New York City, for defendant Administracion General De La Flota Mercante Del Estado, Walter X. Connor, and Carroll J. Ryan, New York City, of counsel.

METZNER, District Judge.

This is an action by an Argentine seaman brought on the law side of this court. The notice of motion of defendant Administracion General De La Flota Mercante Del Estado requests the court to decline jurisdiction in the exercise of its discretion. However, defendant's supplemental brief and affidavit assert that this denomination of its motion was an error, and it now requests an order dismissing the complaint on the ground that the court lacks jurisdiction of the subject matter, pursuant to Fed.R.Civ. P. 12(b) (1), 28 U.S.C.A.

The complaint alleges that the plaintiff was employed as a seaman on the SS Rio Araza, of Argentine registry. It alleges that the employment was contracted by the defendants Administracion and Boyd, Weir & Sewell, Inc., or either of them, and that defendant Administracion is a foreign corporation doing business in this district. It further alleges that plaintiff was injured on the vessel while it was in New York, and that the above-named defendants, along with the defendants, Beekman-Downtown Hospital and Nicholas Del Valle, failed to furnish plaintiff with proper medical treatment. The first claim against Administracion and Boyd seeks recovery under the Jones Act, 46 U.S.C.A. § 688. The second claim against all of the defendants seeks recovery for failure to furnish proper medical care and for mal-

**308**

practice. The third claim against Administracion and Boyd seeks recovery under the law of Argentina.

■■ At the outset, if the court is limited in its consideration of this motion to whether it is properly made pursuant to Fed.R.Civ.P. 12(b) (1), the motion should be denied. In Romero v. International Terminal Operating Co., 358 U.S. 354, 359, 79 S.Ct. 468, 3 L.Ed.2d 368 (1959) the court pointed out that there is a clear distinction between a motion to dismiss for lack of subject matter jurisdiction and a motion to dismiss for failure to state a claim. As in that case, the plaintiff here has alleged a substantial claim under the Jones Act. However, the affidavits submitted by the defendant, and not controverted by the plaintiff and impliedly admitted in his brief, show that the movant is an agency of the Argentine government, and that the contract of hiring was made in Argentina for a voyage to the United States and return. From all that appears the only contact of this suit with the United States is the place of injury. On these facts the first and second claims are indistinguishable from those which were dismissed in the Romero case for failure to state a claim either under the Jones Act or under the general maritime law.

■■ The third claim must be dismissed because of lack of diversity and because it cannot be pendent to the claims already dismissed. Hertz Corp. v. Knickerbocker, 206 F.Supp. 305 (S.D. N.Y.1962); Walters v. Shari Music Pub. Corp., 193 F.Supp. 307 (S.D. N.Y.1961). Furthermore, it cannot be pendent to a claim against a different defendant. Pearce v. Pennsylvania R. R., 162 F.2d 524 (3d Cir.), cert. denied, 332 U.S. 765, 68 S.Ct. 71, 92 L.Ed. 350 (1947); Maher v. Newtown Creek Towing Co., 190 F.Supp. 933 (S.D.N.Y. 1961); Carvelli v. United States, 174 F.Supp. 377 (E.D.N.Y.1959); Bullock v. United States, 72 F.Supp. 445 (D.N.J. 1947); 3 Moore, Federal Practice ¶20.07 [1] (2d ed. 1948).

So ordered.