**HARRISON SERVICES, INC., Plaintiff,**

v.

**Al MARGINO, d/b/a National Retail Promotions, and Jack Landman, Defendants.**

**No. 68 Civ. 2945.**

United States District Court
S. D. New York.

Sept. 26, 1968.

Amster & Rothstein, New York City, for plaintiff.

Leonard M. Speier, New York City, for defendant Margino. John A. Cimarosa, White Plains, for defendant Landman.

## MEMORANDUM

MOTLEY, District Judge.

Defendants move to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b) (1) and (6) for lack of subject matter jurisdiction.

Count I of the complaint alleges false descriptions and representations in interstate commerce. Plaintiff is in the business of preparing promotional catalogs for department stores and similar retailers throughout the United States. This action involves a new promotional plan which makes use of a "syndicated" "White Sale" catalog to spread the relatively high production cost of such a catalog. Plaintiff alleges that it first devised the plan to syndicate such a catalog and that defendant Landman after participating in the development of plaintiff's new promotional plan as an employee of plaintiff, terminated his employment and went into business under the name "National Retail Promotions" for the purpose of competing with plaintiff. It is further alleged that defendant National Retail Promotions mailed out a promotional letter, dated June 25, 1968 to numerous department stores and made numerous contacts, both oral and written, with manufacturers concerning a proposed syndicated "White Sale" catalog, in which communications it made many false representations to the detriment of plaintiff's business and in violation of Sec. 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

Counts II and III of the complaint allege breach of a confidential and trust relationship and infringement of a common law copyright.

This court has jurisdiction of these two counts by virtue of its pendent jurisdiction under 28 U.S.C. § 1338(b) if jurisdiction of Count I is properly taken under 28 U.S.C. § 1338(a).

This court finds that it does have subject matter jurisdiction of all three counts. Defendants' motion to dismiss is therefore denied.

Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), states in pertinent part:

"Any person who shall * * * use in connection with any goods or services * * * a false designation of origin, or any false description or representation, * * * and shall

cause such goods or services to enter into commerce * * * "

In the instant action, the complaint clearly alleges false representations in connection with the service of organizing and printing "White Sale" catalogs. This service entered into interstate commerce when defendants first solicited department stores for participation in the proposed "White Sale" catalog and first contacted manufacturers in regard to displaying their products in the proposed catalog. Defendant contends that only false representations in connection with goods, i. e., the proposed "White Sale" catalog, have been alleged and that the catalog itself must first be published and circulated in interstate commerce before this court can take jurisdiction of this action. Such an interpretation of § 43(a) of the Lanham Act, however, assuming the truth of all plaintiff's allegations, would allow a wrong which clearly involves interstate commerce to go unchecked until possibly irreparable harm is done to plaintiff's business.

The allegations in this case differ sharply from the facts proven in Hertz Corp. v. Knickerbocker, 206 F.Supp. 305 (S.D.N.Y.1962). In that case, this court properly dismissed a complaint involving the Lanham Act because plaintiff could only show that defendants' certificate of incorporation indicated an intention to make use of their trade-mark, but could not show that defendants had used their mark in commerce and in conjunction with services. Plaintiff, in the instant action, has alleged much more than mere intent to misrepresent.

Since defendants' motion to dismiss has been denied, this court cannot vacate plaintiff's notice to take depositions of the defendants, but will restore to defendants the priority of examination which was set by Judge Mansfield on July 31, 1968 and lost due to a printing error in the New York Law Journal of such a nature that defendants were deprived of due notification. Consequently, it is ordered, pursuant to Fed.R.Civ. P. 30(a), that plaintiff may not take the depositions of defendants before 10

A.M., October 14, 1968, so as to allow defendants ten working days from the date of this order to take first the depositions of plaintiff.

Motion to dismiss denied.