Donald **BEVAN** and Edmund Trzcinski,
Plaintiffs,

v.

**COLUMBIA BROADCASTING SYSTEM,
INC.,** Bing Crosby Productions, Inc.,
General Foods Corporation and Philip
Morris Incorporated, Defendants.

No. 67 Civ. 195.

United States District Court
S. D. New York.

Dec. 18, 1968.

Frances Thaddeus Wolff and John
Schulman, New York City, for plaintiffs.

Coudert Brothers, New York City, for
defendants.

MANSFIELD, District Judge.

In this suit for infringement of plaintiffs' copyright in the play "Stalag 17"

plaintiffs move pursuant to Rules 15(a), 19(a) and 21, F.R.Civ.P., for an order directing that Paramount Pictures Corporation ("Paramount") be joined as a defendant and for authority to serve an amended complaint. For the reasons stated below, the motion is denied.

The complaint alleges that plaintiffs, the authors of the play "Stalag 17," are the sole proprietors of all right, title and interest in and to valid copyrights in the play, including the right to adapt the play into a television program series. It further alleges that after plaintiffs prepared and submitted to defendant CBS a proposal for a television series based on the play, the defendants collaborated to produce, publish, sell and exhibit on the CBS television network a television program series entitled "Hogan's Heroes," which copies and appropriates plaintiffs' copyrighted work without their permission, thereby infringing plaintiffs' copyright interest in the play.

Defendants deny the essential allegations of the complaint, thus putting in issue plaintiffs' claims of originality, ownership of copyright interest, and the alleged infringement, and further allege that plaintiffs do not own the copyright interest allegedly infringed. According to the parties' affidavits and briefs, the latter allegation refers to a September 25, 1951 agreement between plaintiffs and Paramount granting and assigning to Paramount certain of plaintiffs' copyright interests in the play, including all motion picture rights, rights to produce and exhibit motion picture photoplays adapted from the play, rights to project or exhibit such motion picture plays by television, and certain radio and television rights for advertising of such motion picture photoplays. All rights not so expressly granted, including speaking-stage, radio and television rights were retained by plaintiffs (subject to Paramount's having a first refusal as to certain of the retained rights). In consideration for the rights granted to it, Paramount agreed to pay to plaintiffs the sum of $110,000 in instalments over a three-year period, plus $16,500 for each "sequel" of any motion picture produced by it under the agreement. A "sequel" is defined as a motion picture in which the leading characters are taken from a motion picture produced early by Paramount under the agreement but are shown participating in new and different events and in a substantially different story.

The first claim of the proposed amended complaint would name existing defendants and Paramount. It is substantially the same as that in the existing complaint, but adds allegations (Pars. 23, 24, 25) to the effect that the existing defendants maintain that Paramount, rather than plaintiffs, is the owner of the rights allegedly infringed and the real party in interest, that Paramount refuses to join as a plaintiff, and that if Paramount is found to be the owner of the rights infringed and refuses to sue, "plaintiffs are entitled to do so if Paramount is made a defendant". The proposed second claim (against Paramount only), invoking pendent jurisdiction, seeks recovery of $16,500 from Paramount for each instalment of the television program series "Hogan's Heroes" as a sequel under the 1951 agreement, plus damages. In substance plaintiffs allege that Paramount, as a result of certain deals with CBS for licensing of other pictures for television programs, is tacitly licensing CBS to exhibit "Hogan's Heroes" without exacting any express agreement or direct payment. The third claim, also invoking pendent jurisdiction, seeks $2,500,000 damages from Paramount on the ground that if Paramount *arguendo*," were found to be the owner of the rights in "Stalag 17" allegedly infringed by the other defendants, Paramount has "failed to protect such rights by taking appropriate action against such other defendants" thereby damaging plaintiffs' rights in the underlying property and their rights in the interest granted to them by Paramount.

In the absence of a jurisdictional basis * and the assertion of a claim against Paramount arising out of a transaction, occurrence or event forming the basis of the action against existing defendants, this Court may not order Paramount to be joined as a party unless the prerequisites established by Rule 19(a) are satisfied. Rule 19(a) provides:

"(a) *Persons to be Joined if Feasible.* A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. If he has not been so joined, the court shall order that he be made a party. If he should join as a plaintiff but refuses to do so, he may be made a defendant, or, in a proper case, an involuntary plaintiff. If the joined party objects to venue and his joinder would render the venue of the action improper, he shall be dismissed from the action."

Plaintiffs' first contention is that unless Paramount is joined "complete relief cannot be accorded among those already parties." If plaintiffs establish in the present action that they are the copyright proprietors as alleged and that "Hogan's Heroes" infringes their copyright, they will be awarded a judgment; whereas if they fail to sustain these essential elements, their complaint must be dismissed. In either event the Court is able to grant complete relief as between the existing parties without the joinder of Paramount, and it is unnecessary to join Paramount as a party in order to enable plaintiffs to prove their claim. According to the moving papers plaintiffs' rights against the existing defendants are separate and distinct from the rights asserted in speculative and tentative terms ("arguendo") against Paramount. Nothing in the September, 1951 agreement, or in the other papers submitted, obligated Paramount to exploit the rights granted or assigned to it, or to hold or enforce them as a fiduciary or trustee for the plaintiffs. On the contrary, plaintiffs made an outright grant and assignment of partial rights for a fixed sum plus $16,500 per sequel, paragraph THIRTEENTH of the agreement providing:

"THIRTEENTH: Nothing herein or elsewhere contained shall obligate the Purchaser to produce at any time any motion picture based upon or adapted from said play, nor shall any of the rights herein granted to the Purchaser revert to the Sellers based upon a claim that the Purchaser did not at any time produce motion pictures based upon or adapted from said play."

Thus the situation here differs in an essential and material respect from that where an assignee holding rights as an agent or trustee for the owner refuses to enforce them for the owner's benefit. In the latter case the agent's joinder is essential to enable the owner to obtain relief, see Manning v. Miller Music Corp., 174 F.Supp. 192 (S.D.N.Y.1959), whereas here it is not.

 The most that can be said in support of plaintiffs' application is that they find themselves on the horns of a dilemma arising out of conflicting or differing interpretations of the terms of the 1951 agreement, which might (but *not* necessarily will) lead to multiple litigation with respect to the same issues and the risk of inconsistent deter-

* Diversity does not exist between plaintiffs and Paramount, and plaintiffs do not purport to state a federal claim against it.

mination unless the issues are resolved in one proceeding which will bind all persons having a possible interest. Such a joinder of all interested persons in one proceeding would suit plaintiffs' convenience, since it would minimize the delay, expense and risks involved, and avoid the possibility of having to litigate in two forums against different parties with the risk of inconsistent findings. But it hardly serves the interest of Paramount, which would be dragged unwillingly into a suit that essentially presents claims between others only and would require it to become involved in expense as a litigant in order to suit the plaintiffs' convenience. The standards for determining whether joinder must be ordered are not the relative conveniences of the parties but those prescribed by Rule 19, and it is abundantly clear that plaintiffs have failed to show that in Paramount's absence complete relief cannot be accorded among those already parties.

■ Plaintiffs' alternative basis, that joinder of Paramount is authorized by Rule 19 to protect the existing defendants against a "substantial risk of incurring double, multiple or otherwise inconsistent obligations" by reason of Paramount's interest, must also be rejected. No showing is made of any likelihood that Paramount will seek to enforce the same copyright against the existing defendants. Plaintiffs' proposed second and third claims against Paramount, alleging in substance a type of "back-scratching" between Paramount and CBS in the shape of overall deals involving other properties, indicates the contrary. In any event, plaintiffs lack standing to urge the alternative ground asserted under Rule 19(a). If the defendants, as appears to be the case, are content to risk a possible double liability, that is their concern and it hardly lies in plaintiffs' mouths to urge such solicitous protection upon them.

■■ The second and third claims of the proposed amended complaint, which are asserted against Paramount only, must be dismissed for failure to state claims falling within this Court's jurisdiction. Neither diversity nor a federal question is alleged. Plaintiffs and Paramount are both citizens of New York. The claims asserted against Paramount are not for copyright infringement but for breach of contract. Plaintiffs allege (essentially as an alternative to their suit against existing defendants for copyright infringement) that Paramount breached the 1951 agreement by failing to pay $16,500 for each sequel and failing to enforce its copyright interest against the remaining defendants. For the reasons stated above, no copyright infringement claim is asserted against Paramount in the first claim of the proposed amended complaint and it may not be made a party to the copyright claim asserted against existing defendants. Absent a federal claim against Paramount no basis exists for entertaining the remaining claims against Paramount on the theory of pendent jurisdiction. Mota v. Boyd, Weir & Sewell Inc., 206 F.Supp. 306 (S.D.N.Y. 1962); Oliver J. Olson & Co. v. Marine Terminals Corp., 215 F.Supp. 490 (N.D. Cal.1962). No federal claim exists against Paramount to which the non-federal claims for breach of contract could be pendent, and regardless of Paramount's attitude in the matter, this Court must act *sua sponte* where lack of jurisdiction over the subject matter comes to its attention.

The motion is denied.

So ordered.