Louis **COMMARATO**, as President of Local 400, Sheet Metal Workers International Association, AFL–CIO, Plaintiff,

v.

Ivan C. McLEOD, Regional Director, Second Region of the National Labor Relations Board, Defendant.

No. 71 Civ. 3594.

United States District Court, S. D. New York.

Nov. 1, 1971.

Katz & Wolchok, New York City, for plaintiff.

Glen M. Bendixsen, Chief, Sp. Litigation, N. L. R. B., Washington, D. C., Sidney Danielson, Reg. Atty., Reg. 2, N. L. R. B., New York City, for defendant.

## OPINION

MOTLEY, District Judge.

Plaintiff, the President of Local 400, Sheet Metal International Association, AFL–CIO (Local 400) moves this court for a preliminary injunction enjoining defendant, Ivan McLeod, Regional Director of the Second Region of the National Labor Relations Board (Regional Director), from conducting a representation election under Section 9 of the National Labor Relations Act (29 U.S.C. § 159), pending the final disposition of unfair labor practice charges pending before the National Labor Relations Board (the Board). The Regional Director opposes the issuance of the preliminary injunction and moves to dismiss the complaint on the ground that the court lacks jurisdiction to review a NLRB order to proceed with a representation election.

The court, after reviewing the affidavits and after hearing extensive oral argument on August 19, 1971, issued an order on August 20, 1971, granting the Board's motion to dismiss the complaint. This opinion sets forth the reasons for the granting of that motion.

### Findings of Fact

1. On November 19, 1970, the Regional Director, pursuant to Sections 3(b) and 9(c) of the National Labor Relations Act (29 U.S.C. §§ 153(b) and 159(c)), directed that a secret ballot election be conducted on December 29, 1970 among the employees of the Art Steel Company, Inc. (the Company). The election was to determine whether Local 400, the incumbent bargaining representative, or two rival labor organizations, Truck Drivers Union, Local 807 (Local 807) and District 65, Wholesale, Retail, Office and Processing Union (District 65) would represent the employees of the Company. These latter two unions would represent the employees jointly if they won.

2. This election, scheduled for December 29, 1970, however, was postponed. A strike called by Local 807 and

District 65 resulted in the filing of unfair labor practice charges by Local 400 and the Company. These charges against Local 807 and District 65 were settled. The unions agreed not to engage in the acts found to be unfair and to post appropriate notices for 30 days. Thereafter, the Regional Director notified all parties that he wished to proceed with the election.

3. In April of 1971, prior to the scheduling of the election, all three unions filed charges against the Company alleging it had violated Section 8(a)(1) of the Act by promising benefits to its employees if they resigned union membership. In particular, the unions charged the Company with 1) distributing leaflets on October 29, 1970 and December 1, 1970 in which it promised employees improved medical, hospitalization and pension benefits if they abandoned membership in the unions; and 2) distributing a leaflet in which the company allowed employees who rejected union membership to participate in a raffle for a one-week vacation. The Regional Director found merit in the charges, issued a consolidated complaint, and noticed a hearing before a Board Trial Examiner. Having found that there was merit in the charges warranting a complaint, the Regional Director, acting pursuant to the "blocking charge rule", suspended any further action in the election proceeding. The "blocking charge rule", adopted by the Board, forbids the Board from holding an election where there is an unfair labor practice charge outstanding. However, the Board has varied from its "rule" where specific occasions demand. N. L. R. B. v. Midtown Service Co., 425 F.2d 665 (2d Cir. 1970).

4. In addition the Regional Director moved in the District Court under § 10(j) of the Act (29 U.S.C. § 160(j)) for an injunction restraining the employer from unfair labor practices during the pendency of the charges before the Board. The court, on July 7, 1971, refused to issue the injunction stating

"[T]he alleged violations are old, the latest having occurred over three months ago. There is no showing that·they are about to occur again."

Thus, the court found that the Company would probably not repeat its practices, and that little continuing damage had been done by the prior practices.

5. On July 15, 1971, Local 807 and District 65 filed a joint motion with the Board to proceed with the election previously directed by the Regional Director, notwithstanding the pending complaint against the Company. That complaint as of the date of the election was still pending.

6. On July 23, 1971, Local 400 filed a response in opposition to the joint motion to proceed with the election. On July 30, 1971, the Board granted the joint motion to proceed on the ground that "the policies of the Act would best be effectuated by proceeding with the election at this time."

### Conclusions of Law

1. The court and both parties agree that, as a general rule, federal district courts are without jurisdiction to review Board orders directing an election or designating a proper unit. Leedom v. Kyne, 358 U.S. 184, 79 S.Ct. 180, 3 L.Ed.2d 210 (1958); Fay v. Douds, 172 F.2d 720 (2d Cir. 1949). This is because representation proceedings under the Act are not adversary in nature and are not considered to result in the issuance of judicially reviewable final orders. A. F. L. v. N. L. R. B., 308 U.S. 401, 409, 60 S.Ct. 300, 84 L.Ed. 347 (1939). Such rulings are reviewable exclusively in the Courts of Appeals under Sections 10(e) and (f) of the Act, if and when they form the basis of a subsequent unfair labor practice proceeding. Boire v. Greyhound Corp., 376 U.S. 473, 476–477, 84 S.Ct. 894, 11 L.Ed.2d 849 (1964).

2. However, this general rule of non-reviewability is subject to one exception that is relevant in this case. The Supreme Court has permitted district courts, pursuant to their jurisdiction under 28 U.S.C. § 1337, to review

representation cases when the Board has acted in direct contravention of a specific mandate of the Act. Leedom v. Kyne, *supra*. This exception has been narrowly construed. Boire v. Greyhound, *supra*.

3. Local 400's claim is that the Board's order to proceed with the election is in direct violation of Sections 1 and 7 of the Act and that, therefore, this court has jurisdiction to review the order. The court disagrees.

Sections 1 and 7 of the Act are general policy sections. Section 1 states that,

"It is declared to be the policy of the United States to . . . protect . . . the exercise by workers of full freedom of . . . designation of representatives of their own choosing. . . ." (29 U.S.C. § 151).

Section 7 of the Act provides that,

"Employees shall have the right to . . . join, or assist labor organizations . . . of their own choosing. . . ." (29 U.S.C. § 157).

In the present case the Board determined that the "blocking charge rule" should cease to apply and that in the circumstances any further delay in the election would not effectuate the policies of the Act. The Board's determination was discretionary, not in violation of any clear mandatory provision of the Act, and, therefore, not within the exception permitting federal district court review.

The Supreme Court has clearly set forth what is meant by a direct contravention of a specific mandate of the Act. In Leedom v. Kyne, *supra,* suit was brought under 28 U.S.C. § 1337 to have a certification order of the NLRB set aside on the ground that the Board had exceeded its authority under the Act by certifying a unit including professionals. The Act specifically prohibited certification of such a unit.

The Court held that the representation matter was subject to review. The Court stated that the federal district courts could entertain suits to set aside orders when they plainly exceeded the statutory authority. It is important to note that in Leedom v. Kyne, *supra,* there was no factual dispute as to whether the bargaining unit contained professionals. From a reading of Sections 1 and 7 it cannot be said that the Board's determination to hold the election in the instant case plainly exceeded the statutory authority. Such a question is a difficult question of interpretation and fact and not open to review.

Boire v. Greyhound Corp., *supra,* further supports this view. In that case, the Supreme Court held that a district court did not have jurisdiction to enjoin a representation election on the ground that the Board had erroneously determined that two separate enterprises were joint employers, because this involved factual matters, and a finding of fact, though contrary to the weight of the evidence, is not reviewable.

The present case involves a finding of fact by the Board and it is thus not open to review in this Court.

4. Local 400's argument, that the election may not be conducted is, in the main, based on the fact that after issuing a complaint against the Company the General Counsel filed a petition in this Court, under Section 10(j) of the Act, seeking an interim injunction against the Company on the ground, *inter alia*, that such relief was necessary in order to conduct a valid election at this time. Since the injunction was not issued, Local 400 argues that the Regional Director, by filing the action, indicated that a free election could not be held until disposition of the unfair labor practices. However, as stated previously this Court (McLean, J.) specifically found against the Regional Director and refused to issue the injunction. It was after this refusal that the Board made its decision not to delay the election. It was clearly within the Board's discretion to make a reassessment at this time and to proceed with the election, particularly in view of the strong Congressional mandate that elections "promptly be held to determine the choice of representa-

tion. . . ." Boire v. Greyhound Corp., *supra*, at 478, 84 S.Ct. at 897.

Defendant's motion to dismiss the complaint is, therefore, granted since the Court lacks jurisdiction of the subject matter of the action.

So ordered.