**NEW YORK UNIVERSITY, Plaintiff,**

v.

**NATIONAL LABOR RELATIONS BOARD et al., Defendants.**

**No. 73 Civ. 3918(MP).**

United States District Court,
S. D. New York.

Sept. 20, 1973.

Clifton, Budd & Burke, New York City, for plaintiff by Henry Clifton, Jr., New York City, of counsel.

Peter G. Nash, Gen. Counsel, N. L. R. B., Washington, D. C., for defendants by R. Bruce McLean, Washington, D. C., of counsel.

## MEMORANDUM

POLLACK, District Judge.

This is an action under Section 9 of the National Labor Relations Act (29 U.S.C. § 159) for a declaratory judgment and injunctive relief and is brought by New York University ("N. Y.U.") as plaintiff against the National Labor Relations Board (the "Board") and its individual officers and regional director as defendants. Briefly stated,

the action is aimed at preventing the Board from implementing its earlier decision of July 20, 1973 (reported at 205 N.L.R.B. No. 16) which ordered N.Y.U. to conduct a union representation election among certain segments of its faculty, librarians, and other professional staff.

Plaintiff N.Y.U. has moved for a preliminary injunction against the defendants seeking thereby to maintain the *status quo* pending a resolution of N.Y.U.'s contention that the order of the Board is based on conclusions which clearly ignore the relevant statutes and consequently is unlawful. For the following reasons, plaintiff's motion is denied and the case dismissed for lack of subject-matter jurisdiction.

## I. *Background*

Some two years ago, two labor organizations[1] filed petitions with the Board seeking certification as the exclusive representative for collective bargaining purposes on behalf of various individuals at N.Y.U., pursuant to 29 U.S.C. § 159(c). That section states, in pertinent part:

"(c)(1) Whenever a petition shall have been filed in accordance with such regulations as may be prescribed by the Board—

(A) by an employee or group of employees or any individual labor organization acting on their behalf alleging that a substantial number of employees (i) wish to be represented for collective bargaining and that their employer declines to recognize their representative * * *

the Board shall investigate such petition and if it has reasonable cause to believe that a question of representation affecting commerce exists shall provide for an appropriate hearing upon due notice. Such hearing may be conducted by an officer or employee of the regional office, who shall not make any recommendations with respect thereto. *If the Board finds upon the record of such hearing that such a question of representation exists, it shall direct an election by secret ballot and shall certify the results thereof.*" (Emphasis added)

N.Y.U. contended—and contends again here—that the Board lacked jurisdiction over the subject matter of the proceedings since the individuals sought to be represented were not "employees" as defined in § 2(3) of the Act (29 U.S.C. § 152(3)). Instead, N.Y.U. asserted that the individuals were either "independent contractors" or "supervisors" as defined in § 2(11) (29 U.S.C. § 152(11)), and thus exempt from the application of the Act's certification procedures. Furthermore, they argued that the Law School faculty did not constitute a separate and distinct bargaining unit as the petitions had claimed.

Following a hearing duly held, the Board, on July 20, 1973, issued a lengthy decision holding that the individuals sought to be represented were "employees" within the meaning of the Act, and that if the Law School faculty so elected, it would be treated as a separate bargaining unit. Accordingly, the Board ordered elections to be held to select a representative bargaining group. N.Y.U.'s motion for reconsideration was denied on August 30, 1973.

Plaintiff then instituted this suit to void the action of the Board. In this Court, plaintiff does not dispute the facts found in the Board's decision. Nonetheless, plaintiff claims that, as a matter of law, the Board's conclusions on those facts are erroneous, arbitrary and capricious. In other words, the plaintiff contends that the functions of the individuals involved as expressed by the Board in its findings require the conclusions that (i) they are supervisors or independent contractors, and further-

[1]. One of those organizations, the N.Y.U. Chapter of the American Association of University Professors, orally moved at the argument of this motion to intervene on behalf of defendants. Rather than permit full-scale intervention, this Court has accepted the Association's brief as an *amicus curiae* submission.

more that (ii) the Board improperly delegated to the Law faculty a non-delegable function of the Board to determine whether it should be treated as a separate bargaining unit. These alleged errors are said to constitute action plainly in excess of statutory authority.

Asserting the threat of immediate and irreparable harm and the existence of a balance of the equities in its favor, plaintiff has requested a preliminary injunction against defendants during the pendency of this action from, *inter alia,* conducting the elections; requiring plaintiff to attend any preliminary meetings aimed at preparing for the election [2] or otherwise arranging for the elections; requiring plaintiff to furnish a list of eligible voters for the elections; requiring plaintiff to make its premises available for the purpose of posting notices of the elections, or in any way assisting in the conducting of the elections.

## II. *Jurisdiction*

The threshold inquiry in all judicial matters—including motions for preliminary injunctions—is whether jurisdiction properly lies in this Court. Plaintiff has claimed jurisdiction under 28 U.S.C. § 1337.[3] That section, which gives this Court jurisdiction over civil actions arising under an act of Congress regulating commerce, has been interpreted as including the National Labor Relations Act within its broad ambit. *See* Capital Service v. N. L. R. B., 347 U.S. 501, 74 S.Ct. 699, 98 L.Ed. 887 (1954). But the law is similarly clear that Board representation hearings, such as the one involved in the instant situation, generally do not result in judicially reviewable final orders,[4] and thus this Court is normally without jurisdiction to enjoin a representation election ordered by the Board. *See, e. g.* Boire v. Greyhound Corp., 376 U.S. 473, 84 S.Ct. 894, 11 L. Ed.2d 849 (1964); United Federation of College Teachers v. Miller, 479 F.2d 1074 (2d Cir. 1973); Rock-Hill Uris, Inc. v. McLeod, 344 F.2d 697 (2d Cir. 1965); Commarato v. McLeod, 335 F. Supp. 118 (S.D.N.Y.1971); The Children's Village v. Miller, 76 L.R.R.M. 2637 (S.D.N.Y.1971); City Cab Co. v. Roumell, 218 F.Supp. 669 (E.D.Mich. 1963). Such orders are usually reviewable exclusively in the Court of Appeals under § 10(e) and (f) of the Act if and when they form the basis of a subsequent unfair labor practice proceeding. Boire v. Greyhound Corp., *supra,* 376 U. S. at 477, 84 S.Ct. 894. Although this method of review may ofttimes appear cumbersome and time-consuming, it is precisely this element of delay which was intended by Congress to prevent dilatory tactics by management. *See* Boire v. Greyhound Corp., *supra,* 376 U.S. at 477-479, 84 S.Ct. 894; 79 Cong.Rec. 7658 (1935).

The Courts, however, have carved out two exceptions [5] to this general rule of nonreviewability, and N.Y.U. claims to fall under both. The first exception, represented by Leedom v. Kyne, 358 U.S. 184, 79 S.Ct. 180, 3 L.Ed.2d 210 (1958), holds that when the Board acts, by its own admission, contrary to a specific prohibition in the Act, the District Court has power to review the Board's

---

2. A meeting called by the Board for September 14, aimed at preparing for the elections, has been stayed pending the outcome of this motion.

3. In addition, plaintiff has claimed jurisdiction under 28 U.S.C. §§ 2201 and 2202. Those sections merely give this Court power to issue declaratory judgments. They in no way expand the normal limits of this Court's subject-matter jurisdiction; they do no more than add an additional remedy where the District Court already has jurisdiction to entertain the suit. · Wells v. United States, 280

F.2d 275 (9th Cir. 1960); Thompson v. Groshens, 342 F.Supp. 516 (E.D.Pa.1972).

4. American Federation of Labor v. N.L.R.B., 308 U.S. 401, 60 S.Ct. 300, 84 L.Ed. 347 (1940).

5. Actually, there is a third exception, allowing immediate review on questions which involve international security. McCulloch v. Sociedad Nacional, 372 U.S. 10, 83 S.Ct. 671, 9 L.Ed.2d 547 (1963). Needless to say, this exception has no applicability or relevance to this case.

determination. In *Kyne* itself, for example, the Board expressly included professional and non-professional employees in a single bargaining unit despite the command of § 9(b)(1) (29 U.S.C. § 159(b)(1)) that such integration was improper. In the case at bar, plaintiff has urged this Court that the Board's characterization of the N.Y.U. staff as "employees" was similarly forbidden by statute. They argue that the faculty, librarians, and principal investigators sought to be represented are "supervisors" or "independent contractors", rather than "employees", and therefore the Board's decision flies in the face of the specific statutory mandate that the term "employees" should not include "supervisors" or "independent contractors." 29 U.S.C. § 152(2). To be sure, the Act does indeed make such an exclusion, and goes on to define "supervisors" as follows:

"(11) The term 'supervisor' means any individual having authority, in the interest of the employer, to hire, transfer, suspend, lay off, recall, promote, discharge, assign, reward, or discipline other employees, or responsibly to direct them, or to adjust their grievances, or effectively to recommend such action, if in connection with the foregoing the exercise of such authority is not of a merely routine or clerical nature, but requires the use of independent judgment". 29 U.S.C. § 152(11).

Furthermore, the Board's decision clearly attributes certain specialized supervisory powers to some of the subject individuals. But despite plaintiff's *ipse dixit*, the Board's decision nowhere *specifically* characterizes any members of the staff as either "supervisors" or "independent contractors". The recognition of, at most, those certain supervisory powers exercised by the staff does nothing to change the Board's own conclusions that "upon the entire record" the individuals *are* "employees" within the meaning of the Act. 205 N. L.R.B. No. 16, at pp. 2, 5, and 7.

Whether or not this Court agrees or disagrees with the Board's determination is immaterial; the Board, at base, is given a large measure of discretion in determining who is and is not an "employee" or "supervisor" under the Act. *See, e. g.*, N. L. R. B. v. Swift and Co., 292 F. 2d 561 (1st Cir. 1961). And in any event, this is neither the proper time nor the appropriate place to re-examine the Board's determination. For it is clear that the *Kyne* exception would apply only if the Board had concluded that the individuals were *not* "employees" but had nonetheless included them within the bargaining unit. The *Kyne* exception must be—and has been—narrowly construed to encompass only such express disregarding of the statute by the Board, lest Congress' intent be frustrated. The cases cited by plaintiff all reflect that reality. *See* Miami Newspaper Printing Pressmen's Union v. McCulloch, 116 U.S.App.D.C. 243, 322 F.2d 993 (1963); United Automobile Workers v. N. L. R. B., 317 F.Supp. 1162 (D.D.C.1970); Bullard Co. v. N. L. R. B., 253 F.Supp. 391 (D.D.C.1966).

Plaintiff's argument as to the Law School faculty fails for a similar reason. N.Y.U. argues that the Board's order, in letting the Law School faculty decide for itself whether it should be included within the bargaining unit, is in specific contravention of the Act's direction that "[t]he Board shall decide . . . the unit appropriate for the purposes of collective bargaining." 29 U.S.C. § 159. Again, the Board's discretion in determining the appropriate unit is extraordinarily broad. *See, e. g.*, Packard Motor Car Co. v. N. L. R. B., 330 U.S. 485, 67 S.Ct. 789, 91 L.Ed. 1040 (1947); Continental Insurance Co. v. N. L. R. B., 409 F.2d 727 (2d Cir. 1969), cert. denied, 396 U. S. 902, 90 S.Ct. 215, 24 L.Ed.2d 178 (1969). In the Court's opinion, delegation of that function to the faculty itself seems perfectly in keeping with the spirit and thrust of the Act, and, in any case, that issue is more properly reserved for the Court of Appeals on con-

ventional judicial review. *Cf.* Magnesium Casting Co. v. N. L. R. B., 401 U.S. 137, 91 S.Ct. 599, 27 L.Ed.2d 735 (1971), reh. denied, 402 U.S. 925, 91 S. Ct. 1364, 28 L.Ed.2d 664 (1971). It is enough for now for this Court to recognize only that the Board has not so specifically contravened its statutory mandate so as to invoke the narrow exception of *Kyne.*

The second exception stems from Chief Judge Learned Hand's decision in Fay v. Douds, 172 F.2d 720 (2d Cir. 1949). Under the rule of that case, a District Court has jurisdiction when there is an assertion of a violation of constitutional rights which is not transparently frivolous. Despite the defendants' contention that this exception has not been accepted by the courts, there is every indication of its continued vitality. *See, e. g.* United Federation of College Teachers v. Miller, 479 F.2d 1074, 1080 (2d Cir. 1973) (Wyzanski, J., dissenting); Herald Co. v. Vincent, 392 F.2d 354 (2d Cir. 1968). Here, however, plaintiff's "constitutional" claim is no more than an attempted circumvention of the jurisdictional problem. All that N.Y.U. has argued is that the Board's decision, which rested at least in part on earlier decisions of the Board, violated due process since by statute the Board is directed to make each individual decision solely on its own record. 29 U.S.C. § 159. Such a semantic claim is, without more, far too insubstantial to rise to the level of the Fay v. Douds exception. *See* Herald Co. v. Vincent, *supra.* If anything, the Board's reliance on past precedent should be encouraged so that employers and employees alike may more readily gauge their future conduct. *Cf.* N. L. R. B. v. Burns Security Services, 406 U.S. 272, 293, 92 S.Ct. 1571, 32 L. Ed.2d 61 (1972). Once again, plaintiff's argument here is more properly reserved for the Court of Appeals on its traditional review.

This court, then, simply lacks jurisdiction over this action. Yet, it should be added that a preliminary injunction would have to be denied here in any event. The balance of the equities just does not tip decidedly in favor of plaintiff, nor is there the requisite showing of a probability of ultimate success on the merits. *See* Heldman v. United States Lawn Tennis Ass'n., 354 F. Supp. 1241 (S.D.N.Y.1973).

Moreover, absent such initial jurisdiction, it is clear that plaintiff's action should be dismissed in its entirety. For even absent a formal motion by defendant to dismiss, this Court has the unquestioned power—if not the duty—to *sua sponte* direct dismissal of the action when it appears that jurisdiction is lacking. *See* Mansfield, Coldwater & Lake Michigan Ry. Co. v. Swan, 111 U.S. 379, 4 S.Ct. 510, 28 L.Ed. 462 (1884); Bevan v. Columbia Broadcasting System, Inc., 293 F.Supp. 1366, 1369 (S.D.N.Y. 1968). Accordingly, plaintiff's motion for a preliminary injunction is denied and the complaint is dismissed.

The foregoing shall constitute the Court's findings of fact and conclusions of law as required by Rule 52(a), Fed. R.Civ.P.

So ordered.