Carlos ESTEVEZ, Plaintiff,

v.

MUNICIPIO de CAGUAS and Angel O. Berrios, Mayor of the Municipal Government of Caguas, Defendants.

Civ. No. 75–594.

United States District Court, D. Puerto Rico.

Sept. 3, 1975.

Nicolás Nogueras, Jr., San Juan, P. R., for plaintiff.

Ramón Muñiz, Caguas, P. R., Secretary of Justice, San Juan, P. R., for defendants.

## OPINION AND ORDER

TOLÉDO, District Judge.

On May 30, 1975, plaintiff filed the instant complaint against the Municipality of Caguas and its Mayor, Honorable Angel O. Berrios, seeking declaratory and injunctive relief, as well as damages, to redress the alleged deprivation by said defendants of rights secured to plaintiff by the Constitution of the United States.

Invoking jurisdiction of the Court under Title 28, United States Code, Sections 1343, 2201 and 2202 pursuant to the provisions of Title 42, United States Code, Section 1983 and the First, Fifth and Fourteenth Amendments to the Federal Constitution, plaintiff claims that defendants, acting under color of law, have wilfully participated and conspired to illegally deprive him of his federally protected rights to freedom of speech and association as well as his rights to property, liberty and due process of law, for political reasons. Plaintiff consequently requests that the Court decree his rights and enjoin defendants from interfering with said rights, that it issue a Temporary Restraining Order against defendants and enjoin them from attempting to collect from plaintiff the amount of $5,271.00 pursuant to the judgment of the Superior Court of Puerto Rico, Caguas Part, in Civil Case No. 73–1396F and, finally, that it award damages to plaintiff in the amount of $500,000.00, plus reasonable attorney's fees and any further relief that may be just and proper.

The facts alleged by plaintiff in his complaint are briefly that he was elected as-

semblyman of the Municipality of Caguas in the Elections of 1968 and resigned his post on January 17, 1972, that on February 2, 1972 the Municipal Assembly created a job classification of Administrator of the Cemetery of Caguas with a salary of $400.00 monthly and on February 16, 1972, plaintiff was appointed in said position by the then Mayor of Caguas, Miguel Hernandez, that effective July 1, 1972, plaintiff was appointed to the position of Administrator of the "Plaza de Mercado" of Caguas with a salary of $550.00 monthly, that on March 16, 1973 he was appointed by the new Mayor of Caguas, codefendant Angel O. Berrios, to the position of Administrator of the New Cemetery, that on July 1974, said codefendant transferred plaintiff to the position of Administrator of Cemetery No. 1 which he still occupies, that defendant Municipality of Caguas filed a civil action against plaintiff in the Superior Court of Puerto Rico, Caguas Part, seeking reimbursement by plaintiff of the salaries received from February, 1972 to January 8, 1973, that the judgment in this case was in favor of the Municipality of Caguas on the basis that plaintiff did not have a right to the salaries in question, a total of $5,271.00, because Section 15 of Article 3 of the Constitucion of the Commonwealth of Puerto Rico and Article 29 of the Municipal Law of the Commonwealth prohibited plaintiff from occupying positions created when he was elected assemblyman of the Municipality of Caguas, that defendants have threatened to deduct from plaintiff's salaries, amounts of money and/or attach other property of plaintiff to collect said judgment, and, finally, that plaintiff belongs to the New Progressive Party while the defendant has a majority of Popular Democratic Party members.

Defendants have not disputed the above facts in their answer to the complaint. They have contented themselves with requesting the dismissal of the complaint with award of costs and attorney's fees to defendants, based on their affirmative defenses, the principal ones of which are that the complaint does not state facts upon which relief can be granted and that the Court lacks jurisdiction to entertain the action. Of necessity, the issue of jurisdiction must be considered first since whether or not the complaint states a cause of action upon which relief can be granted is a question of law calling for a judgment on the merits which can only be rendered after the Court assumes jurisdiction. *Bell v. Hood,* 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939 (1945). For the reasons briefly stated below the Court is of the opinion that it does not have jurisdiction to entertain the action and that the complaint must therefore be dismissed.

Plaintiff invokes jurisdiction under the Declaratory Judgment Act, Title 28, United States Code, Sections 2201 and 2202. It is hornbook law, however, that the aforementioned Sections do not confer jurisdiction on the Court. Section 2201 actually states: "In a case of actual controversy *within its jurisdiction,* except with respect to Federal taxes, any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such." (emphasis added). It is clear from the wording of the statute, and the jurisprudence so holds, that this Section does not confer jurisdiction where it does not otherwise exist and that it simply adds an additional remedy where the District Court has jurisdiction to entertain the suit. See for example *Skelly Oil v. Phillips Petroleum Co.,* 339 U.S. 667, 70 S.Ct. 876, 94 L.Ed. 1194 (1950); *Groundhog v. Keeler,* 442 F.2d 674 (10 Cir. 1971); *Jarrett v. Resor,* 426 F.2d 213 (9 Cir. 1970); *Wells v. U. S.,* 280 F.2d 275 (9 Cir. 1960); *Cadillac Publishing Co. v. Summerfield,* 97 U.S.App.D.C. 14, 227 F.2d 29 (1955), cert. denied 355 U.S. 901, 76 S.Ct. 179, 100 L.Ed. 791 (1955); *Atlantic Meat Co. v. Reconstruction Finance Corp.,* 166 F.2d 51 (1 Cir. 1948); *New York University v. NLRB,* 364 F.Supp. 160 (S.D. N.Y.1973); *Thompson v. Groshens,* 342 F.Supp. 516 (E.D. Pa.1972). As for Section 2202, it only applies when further relief is

requested once rights have been determined by declaratory judgment. *Broyles v. Commercial Union Ins. Co. of N. Y.,* 287 F.Supp. 942 (D.C. Ark.1968). Further, this Section, like Section 2201, is not a jurisdictional statute and does not create subject matter jurisdiction where none exists. *Jarrett v. Resor,* supra; *Hartridge v. Aetna Cas. & Sur. Co.,* 415 F.2d 809 (8 Cir. 1969); *U. S. v. Smith,* 393 F.2d 318 (5 Cir. 1968); *Duffield v. Memorial Hospital Assn. of Charleston,* 361 F.Supp. 398 (D.C. W.Va.1973).

 ■ Plaintiff also invokes jurisdiction under Title 42, United States Code, Section 1983 and its jurisdictional counterpart, Title 28, United States Code, Section 1343, for the alleged deprivation of his rights to freedom of speech and association as well as to property and liberty. At the outset we must point out that the Municipality of Caguas is not a "person" within the meaning of Title 42, United States Code, Section 1983 both for purposes of injunctive relief as well as for the award of monetary damages. See *City of Kenosha v. Bruno,* 412 U.S. 507, 93 S.Ct. 2222, 37 L.Ed.2d 109 (1973); *Moor v. County of Alameda,* 411 U.S. 693, 93 S.Ct. 1785, 36 L.Ed.2d 596 (1973); *Monroe v. Pape,* 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961). Clearly, the action must be dismissed with respect to codefendant Municipality of Caguas for lack of jurisdiction.

Turning now to the factual allegations, the Court finds that no facts have been alleged, which if proven, could prove an infringement of plaintiff's First Amendment rights to freedom of speech and association. Plaintiff's factual allegations relate only to his claim that defendants have deprived him of his property without due process of law. This claim is incredibly based on the following undisputed facts: (1) that defendants sued in court for the recovery of salaries allegedly illegally paid to plaintiff; (2) that the Court, based on Article 3 of the Commonwealth Constitution and Article 29 of the Commonwealth Municipal Law, rendered judgment in favor of defendants in the amount of $5,271.00; and (3) that defendants have threatened to deduct from plaintiff's salaries amounts of money and/or to attach other properties of plaintiff in order to collect said judgment.

By no stretch of the imagination can the Court conceive how recourse to the judicial system of the Commonwealth of Puerto Rico and the subsequent rendering of a judgment against herein plaintiff can be considered a violation of his rights to due process of law. On the contrary, recourse to the courts is precisely the epitome of "due process of law". The fact that the decision of the Superior Court of Puerto Rico, Caguas Part, was adverse to herein plaintiff does not constitute denial of due process. As aptly stated in *Sexton v. Barry,* 233 F.2d 220, 224 (6 Cir. 1956), "Law, in its regular course of administration through courts of justice, is due process, and, when secured by the law of the state, the constitutional requisite is satisfied". Plaintiff had his day in court and appellate procedures were available to him. The judgment rendered is res judicata and plaintiff can not relitigate the issues in this Court by cloaking his effort with the mantle of civil rights. As held by the U.S. Supreme Court in *Huffman v. Pursue, Ltd.,* 420 U.S. 592, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975), the standards of *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971) must be met in order to justify federal intervention in a state judicial proceeding as to which a losing litigant has not exhausted his state remedies. Plaintiff has not even attempted to show that these standards have been met in the instant case.

Further, codefendant, Mayor Angel O. Berrios, can not be held to have acted "under color of law" to deprive plaintiff of his right to "due process of law" because the Municipality successfully sued plaintiff. Since the alleged deprivation results from the judgment rendered by the court, the only person who could conceivably be considered responsible for said deprivation would be the judge that decided the case. However, the United States Supreme Court has ruled that judges acting within the course and scope of their judicial duties enjoy immunity from suits under Title 42,

United States Code, Section 1983, *Pierson v. Ray,* 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967) and, obviously for that reason, plaintiff did not include said judge as a defendant in this action.

The Court therefore finds that since the actions imputed to codefendant Angel O. Berrios, Mayor of Caguas, can not be considered to have in any way deprived plaintiff of any rights, privileges or immunities secured to him by the Constitution and laws of the United States, said codefendant is not liable to suit under Title 42, United States Code, Section 1983 and Title 28, United States Code, Section 1343. There existing no jurisdiction by virtue of Title 28, United States Code, Sections 2201 and 2202, and no jurisdiction existing under Title 42, United States Code, Section 1983 and Title 28, United States Code, Section 1343 with respect to either one of the codefendants, it is clear that the Court lacks jurisdiction to entertain the action and must therefore dismiss the complaint.

The Clerk of the Court is hereby directed to enter judgment, in accordance with Rule 58 of the Federal Rules of Civil Procedure, dismissing the complaint for lack of jurisdiction and awarding costs and attorney's fees to defendants in the amount of $200.00.

IT IS SO ORDERED.