## MAGNESIUM CASTING CO. *v.* NATIONAL LABOR RELATIONS BOARD

No. 370.   Argued January 18–19, 1971—Decided February 23, 1971

DOUGLAS, J., delivered the opinion for a unanimous Court.

*Louis Chandler* argued the cause for petitioner.   With him on the brief was *Jerome H. Somers.*

*Norton J. Come* argued the cause for respondent. With him on the brief were *Solicitor General Griswold, Wm. Terry Bray, Arnold Ordman,* and *Dominick L. Manoli.*

Briefs of *amici curiae* urging reversal were filed by *Jerry Kronenberg* and *Alan Raywid* for the Terminal Freight Cooperative Association, and by *William L. Dennis* for Olson Bodies, Inc.

Briefs of *amici curiae* urging affirmance were filed by *Bernard Kleiman, Elliot Bredhoff, Michael H. Gottesman,* and *George H. Cohen* for the United Steelworkers of America, AFL–CIO, and by *Benjamin Rubenstein* for International Union, U. A. W.

MR. JUSTICE DOUGLAS delivered the opinion of the Court.

Section 3 (b) of the National Labor Relations Act, as amended, 61 Stat. 139, 73 Stat. 542, 29 U. S. C. § 153 (b), authorizes the National Labor Relations Board to delegate to its regional directors the power to determine the unit appropriate for collective bargaining.[1]  The Board accordingly adopted rules delegating to its regional directors its powers to determine representation issues and defining the conditions when the Board will review the determination of a regional director.[2]

---

[1] Sec. 3 (b) provides in relevant part:

"The Board is also authorized to delegate to its regional directors its powers under section 9 to determine the unit appropriate for the purpose of collective bargaining, to investigate and provide for hearings, and determine whether a question of representation exists, and to direct an election or take a secret ballot under subsection (c) or (e) of section 9 and certify the results thereof, except that upon the filing of a request therefor with the Board by any interested person, the Board may review any action of a regional director delegated to him under this paragraph, but such a review shall not, unless specifically ordered by the Board, operate as a stay· of any action taken by the regional director. . . ."

[2] The rules are contained in 29 CFR § 102.67.  Subsections 102.67 (c), (d), and (f) state in relevant part:

"(c) The Board will grant a request for review only where compelling reasons exist therefor.  Accordingly, a request for review may be granted only upon one or more of the following grounds:

"(1) That a substantial question of law or policy is raised because of (i) the absence of, or (ii) a departure from, officially reported Board precedent.

"(2) That the regional director's decision on a substantial factual

On filing of a representation petition, § 9 (c)(1) provides that a hearing shall be held to determine if a question of representation exists and, if so, the appropriate bargaining unit. If an election is directed and the union prevails, it is certified as the employees' bargaining representative. An employer who contests the election, including the unit determination, can only obtain court review under § 10 after an unfair labor practice charge has been made against him by the Board for refusing to bargain collectively "with the representatives of his employees" as provided in § 8 (a)(5).

In that review, however, the determination of the bargaining unit by the regional director need not be reviewed by the Board. Whether the Board reviews the initial decision on the merits, see *Pittsburgh Plate Glass Co.* v. *NLRB*, 313 U. S. 146, 162, or the employer fails to request review of the action of the regional director, or the Board denies a request for review, the Board has

issue is clearly erroneous on the record and such error prejudicially affects the rights of a party.

"(3) That the conduct of the hearing or any ruling made in connection with the proceeding has resulted in prejudicial error.

"(4) That there are compelling reasons for reconsideration of an important Board rule or policy.

"(d) . . . With respect to paragraph (c)(2) of this section, and other grounds where appropriate, said request must contain a summary of all evidence or rulings bearing on the issues together with page citations from the transcript and a summary of argument. But such request may not raise any issue or allege any facts not timely presented to the regional director."

"(f) . . . Failure to request review shall preclude such parties from relitigating, in any related subsequent unfair labor practice proceeding, any issue which was, or could have been, raised in the representation proceeding. Denial of a request for review shall constitute an affirmance of the regional director's action which shall also preclude relitigating any such issues in any related subsequent unfair labor practice proceeding."

discretion to reopen the issue where newly discovered noncumulative evidence is available.[3]

The United Steelworkers filed a petition requesting a representation election among the production and maintenance employees at petitioner's Hyde Park, Massachusetts, plant. The regional director provided a hearing and the essential issues tendered concerned four individuals classified as "assistant foremen." The question was whether they were employees and properly within the unit or supervisors as defined in § 2 (11) of the Act and therefore excluded. The regional director found that three were employees and ordered an election in a unit consisting of all the employees, including the three.

Petitioner filed a request with the Board to review the decision of the regional director that the three men in question were employees, contending that such determination was clearly erroneous. The Board denied petitioner's request for review and an election was held. Thereafter the regional director certified the union as the exclusive bargaining representative of the employees. When petitioner refused to bargain, the union filed an unfair labor practice charge with the Board. The trial examiner found for the union and the Board affirmed. 175 N. L. R. B. No. 68.

Petitioner moved for reconsideration claiming the Board must review the regional director's representation determination before issuing an unfair labor practice order based on it. Petitioner's reliance was on *Pepsi-Cola Co.* v. *NLRB,* 409 F. 2d 676, decided by the Court of Appeals for the Second Circuit. The Board denied that motion, noting its disagreement with the *Pepsi-Cola* case.

The Court of Appeals enforced the Board's order,[4]

---

[3] See rules, *supra,* n. 2.

[4] The Tenth Circuit is in accord with the First. See *Meyer Dairy, Inc.* v. *NLRB,* 429 F. 2d 697, 699–700.

427 F. 2d 114, thus creating the conflict among the circuits which led us to grant the petition for certiorari. 400 U. S. 818.

Petitioner argues that plenary review by the Board of the regional director's unit determination is necessary at some point. Historically, the representation issue once fully litigated in the representation proceeding could not be relitigated in an unfair labor practice proceeding. We so held in *Pittsburgh Plate Glass Co.* v. *NLRB, supra.* That case, of course, was decided when the determination of the appropriate unit was made by the Board itself. In 1959, § 3 (b) was added. Senator Goldwater, a member of the Conference Committee explained its purpose: [5]

> "[Section 3 (b)] is a new provision, not in either the House or Senate bills, designed to expedite final disposition of cases by the Board, by turning over part of its caseload to its regional directors for final determination.
>
> "Under this provision, the regional directors can exercise no authority in representation cases which is greater or not the same as the statutory powers of the Board with respect to such cases. In the handling of such cases, the regional directors are required to follow the lawful rules, regulations, procedures, and precedents of the Board and to act in all respects as the Board itself would act.
>
> .         .         .         .         .
>
> "This authority to delegate to the regional directors is designed, as indicated, to speed the work of the Board. . . ."

We take this statement to reflect the considered judgment of Congress that the regional directors have an expertise concerning unit determinations. Or perhaps

[5] 105 Cong. Rec. 19770.

Congress was primarily motivated by a desire to lighten the Board's workload and speed up its processes. Its recent report [6] shows that in fiscal year 1969, a total of 1,999 formal representation decisions were issued either directing elections or dismissing election petitions; 1,872 of these were rendered by regional directors, and 127 by the Board (100 on direct transfer from the regional directors for initial decision and 27 on grant of a request for review of the regional director's decision).

But for the 1959 amendment the Board would have decided all of those cases.

Whatever the reason for the delegation, Congress has made a clear choice; and the fact that the Board has only discretionary review of the determination of the regional director creates no possible infirmity within the range of our imagination.

The fact that Congress in 1961 rejected a reorganization plan which would have delegated decisionmaking power in unfair labor practice cases to the hands of trial examiners subject to discretionary Board review [7] has no bearing on the present problem. The choices Congress may make in deciding what delegation of authority is appropriate do not in the present context raise any semblance of a substantial question. For it is unmistakably plain here that by § 3 (b) Congress did allow the Board to make a delegation of its authority over determination of the appropriate bargaining unit to the regional director.

The Board's rules [8] make clear that the regional director is required to follow the same rules as the Board respecting factfinding. [9] The regional director's deter-

---

[6] 34th Annual Report, Table 3B, 201 (1970).

[7] 107 Cong. Rec. 10223, 12905–12932.

[8] See rules, *supra*, n. 2.

[9] 29 CFR § 102.67 (b).

mination if adopted by the trial examiner in the unfair labor practice proceeding accompanies the case both to the Board [10] and to the Court of Appeals.[11] In the present case the Court of Appeals concluded that the Board's order was supported "by substantial evidence." [12]

Congress has required no greater showing than that.

*Affirmed.*

---

[10] 29 CFR § 102.45 (a).

[11] 29 CFR § 101.14.

[12] There is no different standard of review prescribed by the Administrative Procedure Act. 5 U. S. C. § 706 (1964 ed., Supp. V). See *Universal Camera Corp.* v. *NLRB,* 340 U. S. 474, 487.