**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**HOUSTON NATURAL GAS CORP., Respondent.**

**No. 72–3460**

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

May 18, 1973.

Rehearing and Rehearing En Banc Denied July 13, 1973.

* Rule 18, 5 Cir.; *see* Isbell Enterprises Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

Marcel Mallet-Prevost, Asst. Gen. Counsel, N. L. R. B., Washington, D. C., Clifford Potter, Director, Region 23, N. L. R. B., Houston, Tex., for petitioner.

Robert S. Bambace, Neil Martin, Houston, Tex., for respondent.

Before WISDOM, AINSWORTH and CLARK, Circuit Judges.

AINSWORTH, Circuit Judge:

On August 21, 1972, the National Labor Relations Board found that Houston Natural Gas Corporation engaged in an unfair labor practice in violation of sections 8(a)(1) and (5) of the National Labor Relations Act of 1947, 29 U.S.C. §§ 158(a)(1) and (5) (1971), by refusing to bargain collectively with the International Union of Operating Engineers, Local No. 347, AFL–CIO, as the exclusive bargaining representative for "operators A, B and C and apprentice operators, including maintenance operators and maintenance operator apprentices." Upon petition of the NLRB pursuant to section 10(e) of the Act, 29 U.S.C. § 160(e) (1971), we grant enforcement of the order *inter alia* compelling the company to bargain collectively with the union.

On the initial question regarding the appropriate bargaining unit, section 10(e) limits our factual review to determine whether the Board's conclusions are supported by substantial evi-

dence on the record considered as a whole. *See also* Universal Camera Corp. v. National Labor Relations Board, 340 U.S. 474, 477, 71 S.Ct. 456, 459, 95 L.Ed. 456 (1951). Then we must determine whether the Board's application of a statutory term has a reasonable basis in law. National Labor Relations Board v. Hearst Publications, 322 U.S. 111, 131, 64 S.Ct. 851, 861, 88 L.Ed. 1170 (1944). This limited scope of review is justified, because as the Supreme Court said in National Labor Relations Board v. Erie Resistor Corporation, 373 U.S. 221, 236, 83 S.Ct. 1139, 1150, 10 L.Ed.2d 308 (1963), "we must recognize the Board's special function of applying the general provisions of the Act to the complexities of industrial life." Houston Natural Gas Corporation contends that operators A are "supervisors" within the meaning of section 2(11), 29 U.S.C. § 152(11) (1971), and, therefore, should be excluded from the bargaining unit under sections 2(3) and 7, 29 U.S.C. §§ 152(3), 157 (1971), which limit a bargaining unit to employees who are not supervisory personnel. After noting that lead operators have no authority to hire or discharge employees but can recommend employees be given raises or promotions, the Acting Regional Director who initially handled the case stated in his decision:

Although the operators A may to some extent direct the work of other employees and undoubtedly are responsible for the operation of complex machinery and equipment when they are in charge of a shift, it is apparent that their relationship to other employees is more that of highly skilled employees to ones with less skill, and that whatever control they exercise derives from their greater skill, experience and responsibility. Accordingly, based on the foregoing, and the entire record, I find that operators A are not supervisors, and include them in the unit herein found appropriate.

The NLRB denied review for the reason that the company raised no substantial issues, and we find this decision under

section 9(b), 26 U.S.C. § 159(b), is supported by substantial evidence and has a reasonable basis in law.

The company at another of its plants entered into a collective bargaining agreement covering a unit which includes operators A. Under these circumstances, we do not believe routine and limited control over employees makes them supervisors.[1] *See* Ross Porta-Plant, Inc. v. National Labor Relations Board, 5 Cir., 1968, 404 F.2d 1180; National Labor Relations Board v. Security Guard Serv., Inc., 5 Cir., 1967, 384 F.2d 143. See also National Labor Relations Board v. American Oil Co., 7 Cir., 1967, 387 F.2d 786, cert. denied, 391 U. S. 906, 88 S.Ct. 1056, 20 L.Ed.2d 420 (1968); Northern Virginia Steel Corp. v. National Labor Relations Board, 4 Cir., 1962, 300 F.2d 168, 170–172; International Union of United Brewery v. National Labor Relations Board, 1961, 111 U.S.App.D.C. 383, 298 F.2d 297, 302–303, cert. denied, 369 U.S. 843, 82 S.Ct. 875, 7 L.Ed.2d 847 (1962); National Labor Relations Board v. Swift & Co., 9 Cir. 1957, 240 F.2d 65.

■ Following the bargaining unit's election which resulted in an affirmative vote for the union, the company filed several objections to the election procedure. On November 23, 1971, the Regional Director sent a letter to the company's counsel advising him:

> [U]nder Board policy and well-established case law, the burden is upon you, as the objecting party, to furnish evidence to prove a *prima facie* case in support of your objections. Therefore, unless said evidence is submitted *forthwith* (within 5 working days from receipt of this letter), the objections will be overruled. Generally speaking, and as a minimum, this should include a list of the witnesses, their addresses and telephone numbers, and a brief description of the testimony of each.

In this regard, you should not "piecemeal" the submission of evidence but should disclose promptly all the evidence in support of your objections.

The post office certification indicates that the letter was received by the law firm on November 24, 1971. The Regional Director waited until December 3, 1971 without any response from counsel. Then the Director certified the union as the bargaining representative and overruled the company's objections, because the company had failed to support its objections. The company petitioned for review, which the Board denied. Counsel presented no adequate reason why he or at least some other attorney in his office did not respond within the time limit, so we believe the Board's disposition of the case was justified in order to effectuate the implicit congressional purpose of expeditiously resolving questions preliminary to the establishment of the bargaining relationship. *See* National Labor Relations Board v. Douglas County Electric Membership Corporation, 5 Cir., 1966, 358 F.2d 125, 129; National Labor Relations Board v. O. K. Van Storage, Inc., 5 Cir., 1961, 297 F.2d 74, 76.

■■ Finally, the Board's grant of summary judgment in the unfair labor practice proceeding was justified. The Board need not relitigate issues previously considered during the representation proceeding. *See* Pittsburgh Plate Glass Co. v. National Labor Relations Board, 313 U.S. 146, 158, 162, 61 S.Ct. 908, 915, 917, 85 L.Ed. 1251 (1941). Although the company presented what it termed new evidence as an excuse for another hearing, the Board acted within its discretion in refusing to hear the evidence, *see* Magnesium Casting Co. v. National Labor Relations Board, 401 U. S. 137, 139–140, 91 S.Ct. 599, 600, 27 L. Ed.2d 735 (1971), because, as the Board pointed out in its opinion, the company

---

1. There is no change of policy involved in this case which would require the Board to exercise rule-making procedures, such as were ordered in Bell Aerospace Co. v. National Labor Relations Board, 2 Cir., 1973, 475 F.2d 485.

"made no showing that the proffered evidence could not have been produced in the underlying representation proceeding."

Enforced.