The STOP & SHOP COMPANIES, INC., MEDI MART DIVISION, Petitioner,

v.

NATIONAL LABOR RELATIONS BOARD, Respondent,

and

United Pharmacists Guild Local 100, Chartered By Retail Clerks International Association, AFL–CIO, Intervenor.

No. 76–1313.

United States Court of Appeals, First Circuit.

Argued Dec. 6, 1976.

Decided Jan. 20, 1977.

**18**

Allan A. Tepper, Boston, Mass., with whom Snyder, Tepper & Berlin, Boston, Mass., was on brief, for petitioner.

Ruth E. Peters, Atty., Washington, D.C., with whom John S. Irving, Jr., Gen. Counsel, John E. Higgins, Jr., Deputy Gen. Counsel and Elliott Moore, Deputy Associate

Gen. Counsel, Washington, D.C., were on brief, for respondent.

Robert F. O'Brien and Tomar, Parks, Seliger, Simonoff & Adourian, Camden, N. J., on brief for intervenor.

Before COFFIN, Chief Judge, ALDRICH and CAMPBELL, Circuit Judges.

ALDRICH, Senior Circuit Judge.

Once again we are asked to reverse a National Labor Relations Board finding that certain employees are not supervisors and therefore may be included within a bargaining unit.[1] We have repeatedly held this to be a question of fact for the Board, e.g., NLRB v. Magnesium Casting Co., 1 Cir., 1970, 427 F.2d 114, aff'd 401 U.S. 137, 91 S.Ct. 599, 27 L.Ed.2d 735; NLRB v. Swift & Co., 1 Cir., 1961, 292 F.2d 561, and only rarely have we reversed, NLRB v. Metropolitan Petroleum Co., 1 Cir., 1974, 506 F.2d 616.

In the case at bar, petitioner, Medi Mart Division of Stop & Shop Companies, conducts a chain retail drug store business, with ten stores in Connecticut. Intervenor, the United Pharmacists Guild, Local 100, is seeking to represent the pharmacists in petitioner's Connecticut stores. The personnel of each store, relevant here, are a store manager and an assistant store manager, in charge of the entire store, numerous clerks who may work in various departments or be assigned particularly to the pharmacy, and two or three pharmacists. One pharmacist is designated the "pharmacy manager," and pursuant to state law his certificate is posted in the store.[2] Petitioner's contention that the pharmacy managers are supervi-

---

1. Only employees may be included in a bargaining unit, National Labor Relations Act § 9, 29 U.S.C. § 159, and section 2(3) of the Act, 29 U.S.C. § 152(3), excludes supervisors from the definition of employees. Section 2(11), 29 U.S.C. § 152(11) defines a supervisor as:

   "any individual having authority, in the interest of the employer, to hire, transfer, suspend, lay off, recall, promote, discharge, assign, reward, or discipline other employees, or responsibly to direct them, or to adjust their grievances, or effectively to recommend such action, if in connection with the forego-

ing the exercise of such authority is not of a merely routine or clerical nature, but requires the use of independent judgment."

2. Despite petitioner's contention, we do not consider the state posting requirement significant here. Under state law the posted pharmacist may be responsible for the pharmacy, but this says nothing about how he is to discharge his responsibility, and nothing about his relations with other employees. The question may be answered by another: Does the posted pharmacist thereby have authority over the store manager?

sors was rejected by the Board, and the issue reaches us via the ordinary route of an unfair labor practice order issued upon petitioner's refusal to bargain.[3]

■ Before looking mechanically at the facts, it would be well to have in mind the reason for excluding supervisory employees from the bargaining process. It is not because they have personal interests at variance with other employees. Many employees have interests at variance with, or even antagonistic to, one another. The reason for excluding supervisors is that they must be representatives of the interests of their employer vis-a-vis other employees. An employee who can discharge other employees, or direct them in matters involving judgment, has a duty to put his employer's interest over the interests of subordinates.

■ The mere fact that an employee may give some instructions to others, *see N.L.R.B. v. Quincy Steel Casting Co.*, 1 Cir., 1952, 200 F.2d 293, 295, or that he may command their respect, *see NLRB v. Magnesium Casting Co.*, ante, at 118, does not indicate that he must identify with the interests of the employer rather than the employees. The test must be the significance of his judgments and directions. *Cf. NLRB v. Swift & Co.,*, ante, at 563 n.2. It is precisely for this reason that the question of the effectiveness of the alleged supervisor's authority must normally be a question of fact. To put the issue in homely *terms*, do the other employees feel, assuming the alleged supervisor is one who reasonably respects his duties, "Here comes that so-and-so, get to work," or is he, basically, but one of the gang who merely gives routine *instructions?*

■ Petitioner points to a number of tasks performed by pharmacy managers that it asserts amount to supervision. First, the pharmacy managers are said to have a role in the hiring, firing, and discipline of other pharmacists and pharmacy clerks. Petitioner concedes that pharmacy managers do not have the authority to take such action on their own, but contends that they have the authority "effectively to recommend such action." *See* n.1, ante. Wherever the line should be drawn between merely having some input into decisions and having the final word, we cannot fault the Board's conclusion in this case. There was evidence that a pharmacist or pharmacy clerk could be hired without the pharmacy manager's knowledge, and that the pharmacy manager's recommendations as to discharge were sometimes ignored. By the principle of *ejusdem generis*, in the phrase "effectively to recommend," the emphasis is on the initial word.

Next, petitioner points to the pharmacy managers' responsibilities regarding scheduling of pharmacists and clerks and their authority over clerks. As to scheduling, this could well have been found to be merely a routine task. *Compare NLRB v. City Yellow Cab Co.*, 6 Cir., 1965, 344 F.2d 575, with *NLRB v. Metropolitan Petroleum Co.*, ante. Such direction of the clerks' work as was called for appears to have been performed by whatever pharmacist was on duty at the time, rather than by the pharmacy manager in particular. Petitioner makes much of the fact that the pharmacy manager might request additional clerks when the pharmacy was busy, but even if such requests were always honored, and they were not, we could not consider this determinative—a janitor does not become a supervisor merely because his superior invariably indulges his requests for assistance.

■ Other functions of the pharmacy managers do give us some difficulty. The pharmacy managers fill out performance review forms concerning clerks which play some part in the grant of merit raises, though there was evidence that clerks had received raises without the pharmacy mana-

**3.** As an alternative to the claim that the pharmacy managers are supervisors, petitioner asserts that their terms and conditions of employment are so different from those of the other pharmacists that they should not be included in the same bargaining unit. On the facts, the claim is frivolous. If we accepted petitioner's argument, the Board would be required to create a different bargaining unit for every job classification.

**20**

ger's knowledge, and that the store manager had instructed a pharmacy manager as to how generous or severe to be in his review. *Compare NLRB v. Metropolitan Life Ins. Co.*, 2 Cir., 1968, 405 F.2d 1169, 1177 ("favorable report was an essential prerequisite to a promotion or merit increase"). Pharmacy managers participated to some extent in grievance handling, but apparently this often amounted to no more than telling the persons involved to go talk to the store manager. Finally, the pharmacy managers' attendance at management meetings and eligibility for incentive bonuses might weigh towards supervisory status. Whatever conclusion we might reach on our own, however, we have said before that in close cases the decision is for the Board. *NLRB v. Magnesium Casting Co.*, ante. We cannot say that the Board's conclusion here does not fall within its "large measure of informed discretion" in identifying supervisors. *NLRB v. Swift & Co.*, ante, at 563.

*The petition for review is denied. The order will be enforced.*