Linda WILLENBRINK, Kenneth H. Molitor, and John R. Rifte, Individually and as representatives of a class of aggrieved persons similarly situated, Petitioners,

v.

NATIONAL LABOR RELATIONS BOARD, Respondent.

No. 79–1374.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 4, 1979.

Decided Jan. 15, 1980.

Charles W. Ahner, Jr., St. Louis, Mo., argued, Gerald Tockman, St. Louis, Mo., on brief, for petitioners.

W. Christian Schumann, N. L. R. B., Washington, D.C., argued, Margery E. Lieber, Deputy Asst. Gen. Counsel for Special Litigation, Joseph P. Norelli, Atty., John S. Irving, Gen. Counsel, John E. Higgins, Jr., Deputy Gen. Counsel, Robert E. Allen, Acting Ass'n Gen. Counsel, and Elliott Moore, Deputy Associate Gen. Counsel, Washington, D.C., on brief, for respondent.

Before LAY, Chief Judge,* McMILLIAN, Circuit Judge, and HARPER, District Judge.**

LAY, Chief Judge.

This is a petition for review of a National Labor Relations Board supplemental order, 241 N.L.R.B. 44, issued on March 22, 1979, on remand from this court's denial in part and enforcement in part of a prior Board order. *Drug Package, Inc. v. NLRB,* 570 F.2d 1340 (8th Cir. 1978). The petition comes to us in an unusual posture; for a better understanding of the issues involved, it is necessary to relate our earlier decision, particularly that portion concerning the Board remedy. This court granted enforcement of a bargaining order that required Drug Package, Inc., (the Company), to recognize and bargain with Local 505, Graphic Arts International Union, AFL–CIO–CLC (the Union). Although we did not enforce that portion of the Board's order finding a violation of section 8(a)(5) of the National Labor Relations Act, 29 U.S.C. § 158(a)(5), nevertheless we ordered enforcement of the bargaining order prospectively on the ground that the Company had been guilty of unfair labor practices under section 8(a)(1), 29 U.S.C. § 158(a)(1). On the basis that the Union held majority support of the employees in 1974 by signed cards, and in view of the section 8(a)(1) violations, this court enforced the bargaining order prospectively. We also found the strike by 82 of the employees was not an unfair labor practice strike, but an economic strike, and that the Board erred in ordering the strikers to be reinstated upon application with back pay. Our decision thus refused enforcement of the Board's order based upon findings of section 8(a)(3) and (5) violations. Nonetheless, in view of the prospective bargaining order, in discussing the remedy we stated as follows:

> The bargaining order could well be a hollow remedy if the employees represented by the Union are the replacements hired during the strike, not the employees who originally supported the Union. It is well established that a bargaining order can be issued even though the Union no longer has the support of the majority of the employees. When the Union bargains with the Company, it will be representing neither employees who now support it nor employees who earlier had selected the Union to be their bargaining agent. *We leave to the Board the question whether the Company should be required to reinstate the strikers upon application, without backpay, in order to make the bargaining order a full and complete remedy.*

*Id.* at 1348–49 (emphasis added) (citations omitted).

Our decision was rendered on February 13, 1978; the Board did not deem it necessary to enter a supplemental order reinstating the strikers until March 22, 1979. Petitioners, who represent a class of individuals that are currently employees of the Drug Package Company, allege that when the Board directed the reinstatement of all economic strikers for purposes of effectuating its prior bargaining order, only eight of the economic strikers had not yet been recalled, and on that date those persons were immediately offered reinstatement. They allege over 60% of present employees, including some of the economic strikers recalled, no longer favor the Union. They challenge the Board's reinstatement of the remaining eight strikers as an abuse of discretion on the ground that the order was made one year after this court's ruling and is dilatory.

In their petition for review, petitioners assert the Board's reinstatement order is interrelated to the Board's April 24, 1979, affirmation of dismissal of their decertification petition. They assert the acting regional director had earlier dismissed a decertification petition that was filed on February 28, 1979. They also allege that the Board's March 22nd supplemental decision directing reinstatement of the economic strikers was in response to their March 20th request for review of the dismissal of their decertification petition. Petitioners urge that the decertification petition was dismissed without investigation in violation of

---

* Judge Lay became Chief Judge of the Eighth Circuit on January 1, 1980.

** Roy W. Harper, Senior District Judge, Eastern District of Missouri, sitting by designation.

section 9(c), 29 U.S.C. § 159(c), and that the Board affirmed dismissal of the petition for reasons directly related to the reinstatement order. In affirming dismissal of the decertification petition, the Board stated:

In a Supplemental Decision and Order in *Drug Package Company, Inc.,* 241 NLRB No. 44, the Board ordered the Employer to offer reinstatement to certain strikers as it was deemed to be "crucial to the effectiveness of the bargaining order" which is involved in the instant case.

For the reasons which impelled the Board to order reinstatement of the strikers, it is concluded that the bargaining between the Employer and the Union which has occurred without the benefit of the reinstatement order, does not satisfy the Employer's outstanding bargaining obligation.

Accordingly, dismissal of the petition is hereby affirmed.

The petitioners and the Board acknowledge the petition for review presents unique circumstances. The Board asserts petitioners lack standing to challenge its supplemental decision of reinstatement and that this court has no jurisdiction to review the dismissal of the decertification petition. The Board argues petitioners are not ·aggrieved by the March 22nd order, because none of them was replaced or injured in any way. The Board asserts that this court lost jurisdiction when it remanded the case to the Board, and that it is without jurisdiction until a proper appeal is perfected by a person with standing under section 10(f) of the Act, 29 U.S.C. § 160(f).

*Decertification Petition Dismissal.*

Board determinations under section 9 of the Act in certification proceedings are not directly reviewable under section 10(f) as final orders of the Board. *Boire v. Greyhound Corp.,* 376 U.S.·473, 476, 84 S.Ct. 894, 11 L.Ed.2d 849 (1964); *AFL v. NLRB,* 308 U.S. 401, 60 S.Ct. 300, 84 L.Ed. 347 (1940);

*NLRB v. Burns International Detective Agency, Inc.,* 346 F.2d 897, 899 (8th Cir. 1965). These cases hold that orders concerning representation matters are only reviewable when representation proceedings are drawn into question by a petition for enforcement or review of a Board order made under section 10(c) of the Act to restrain an unfair labor practice. *See Magnesium Casting Co, v. NLRB,* 401 U.S. 137, 91 S.Ct. 599, 27 L.Ed.2d 735 (1971); *Boire v. Greyhound Corp.,* 376 U.S. at 477, 84 S.Ct. 894. Thus it is clear that if an employer failed to bargain in good faith with a union and an unfair labor practice charge under section 8(a)(5) of the Act was brought, an order relating to certification could be reviewed.

In the present case, petitioners do not directly seek review of the decertification order. Nevertheless, it is quite obvious that it is the dismissal of their decertification petition that they seek to overturn.

*Supplemental Order of Reinstatement.*

In view of the prohibition against judicial review of certification procedures unless unfair labor practice charges are pending, we turn to petitioners' attempt to obtain review of the Board's supplemental order directing reinstatement of the economic strikers. We are in sympathy with petitioners' claim that the Board's reasoning in its denial of the decertification petition is somewhat startling because of its long delay in implementing the remedy suggested by this court. The Company and the Union, up to the time of the supplemental decision, had entered into bargaining in good faith for approximately one year and had failed until that time to reach a contract.[1]

The reason given by the Board for dismissal of the petition prompts concern, because all but eight of the economic strikers had been replaced by March 22 and notwithstanding this fact, the Company and

---

1. We are informed that in May 1979, subsequent to the Board's affirmation of the decertification petition dismissal, the Company and Union entered into a collective bargaining agreement with an expiration date of August 31, 1980. The Board urged at oral argument that under these circumstances a decertification petition will not be entertained by the Board until 90 days before the agreement's expiration date or after expiration. *See Leonard Wholesale Meats, Inc.,* 136 N.L.R.B. 103 (1962).

the Union had continuously bargained in good faith without reaching an agreement. Under the circumstances it is difficult to understand the Board's reasoning that its supplemental order was necessary to make its bargaining order efficacious, as was suggested by this court under different circumstances one year earlier. Petitioners' argument, that the basis of the supplemental decision was simply to give credence to the dismissal of the decertification petition, impresses us as persuasive. The decertification petition was filed one year after all bargaining had failed and some four years after the unfair labor practice charges were brought. Under these circumstances, there is a serious question whether the Board either grasped for a basis to state that the remedy for the unfair labor practice charges was still being implemented and therefore it was too early to recognize a decertification petition, or else failed to investigate if there was a factual basis for such reasoning. If petitioners can substantiate such a charge, precedent exists that provides a legal basis to challenge the Board's application of its "blocking charge" rule in federal district court. We are informed that such a suit is now pending; while our statements are not intended to influence the result of that decision, we simply note that if the charges can be proven, petitioners' case may have merit. *See Bishop v. NLRB,* 502 F.2d 1024 (5th Cir. 1974); *Surratt v. NLRB,* 463 F.2d 378 (5th Cir. 1972); *Templeton v. Dixie Color Printing Co.,* 444 F.2d 1064 (5th Cir. 1971). *See also Leedom v. Kyne,* 358 U.S. 184, 79 S.Ct. 180, 3 L.Ed.2d 210 (1958).

Notwithstanding our sympathy with petitioners' claim, we hold this court has lost jurisdiction over the previous proceeding and cannot regain it until a proper appeal is perfected by a person with standing under section 10(f) of the Act. This court's earlier suggestion that the Board could require the Company to offer reinstatement to strikers was subject to the Board's exercise of its discretion to remedy effectively the unfair labor practice found and to provide a reasonable opportunity for good faith bargaining with the unit involved. The Board's decision not to do so for over one year is difficult to justify; it may be that the Board delayed its reinstatement order because of voluntary reinstatement by the Company of various employees. Nevertheless, in the present action petitioners have no standing to complain of the Board's action; they are not "aggrieved" by the Board's implementation of its bargaining order. The gravamen of harm urged by petitioners relates to the Board's use of an allegedly pretextual reason, that is, reinstatement of the strikers, to block the decertification proceeding. This charge goes to Board certification action and is not related to any pending unfair labor practice charge over which the court has jurisdiction so as to be reviewable under section 10(f) of the Act.

The petition for review is denied for lack of jurisdiction.