**R. W. HARMON & SONS, INC.,
Petitioner,**

v.

**NATIONAL LABOR RELATIONS
BOARD, Respondent.**

**Nos. 79–2195, 79–2309.**

United States Court of Appeals,
Tenth Circuit.

Argued and Submitted May 14, 1981.

Decided Nov. 16, 1981.

James R. Willard (Michael F. Delaney also of Spencer, Fane, Britt & Browne, Kansas City, Mo., with him on the briefs), Kansas City, Mo., for petitioner.

Susan L. Dolin, Atty., Washington, D.C. (William A. Lubbers, Gen. Counsel, John E. Higgins, Jr., Deputy Gen. Counsel, Robert E. Allen, Acting Asst. Gen. Counsel, Elliott Moore, Deputy Asst. Gen. Counsel, and Richard B. Bader, Atty., with her on the briefs), National Labor Relations Board, Washington, D.C., for respondent.

Before BARRETT and LOGAN, Circuit Judges, and O'CONNOR,* District Judge.

LOGAN, Circuit Judge.

R. W. Harmon & Sons, Inc. (Harmon or petitioner) seeks review of two orders of the National Labor Relations Board (Board) asserting jurisdiction over petitioner's activities. Harmon is a corporation engaged in providing school bus and other charter bus transportation services in nine states. It presently provides school bus services to approximately seventy-three public school districts. The challenged Board orders

---

* Honorable Earl E. O'Connor of the United States District Court for the District of Kansas, sitting by designation.

arose out of petitioner's refusals to bargain with Service Employees Union Local 513 (union), which represents school bus drivers in Wichita, Kansas and O'Fallon, Missouri.[1]

Harmon contests the Board's jurisdictional authority on two grounds. It argues, first, Harmon's activities are essentially local in character and do not affect interstate commerce; and, second, each school board so fully controls employment conditions and restricts Harmon's ability to engage in meaningful collective bargaining with its bus drivers, that Harmon shares the school board's governmental exemption from Board jurisdiction, as provided in section 2(2) of the National Labor Relations Act (NLRA), 29 U.S.C. § 152(2). Petitioner also argues that the Board abused its discretion when it abandoned its former test for asserting jurisdiction over school bus operators.

The two cases consolidated here involve Harmon's contracts to provide school bus transportation in the Sedgwick County school district in Wichita, Kansas and the Fort Zumwalt school district in O'Fallon, Missouri. In both contracts the school districts require that drivers possess valid chauffeur's licenses and meet state qualifications for school bus drivers. The school districts have authority to reject applicants for bus driver positions, and the contracts allow the school districts to recommend that Harmon dismiss, discipline, or transfer drivers to other routes. Additionally, the school boards establish the bus routes and route schedules. Harmon hires and trains the drivers, determines their wage rates and benefits, and regularly monitors and supervises their performance.

In 1978 the union filed representation petitions with the Board's Regional Director, seeking certification as the collective bargaining representative of Harmon's bus drivers in both school districts. Following the representation hearings, the Regional Director ordered elections, rejecting Harmon's contentions that its operations were purely local in character or were so controlled by the school districts that the Board could not assert jurisdiction over it. The union won the elections and was then certified as the drivers' exclusive bargaining representative.

When Harmon refused to bargain, the union filed unfair labor practice charges. In its defense Harmon again asserted that the Board lacked jurisdiction. In both cases the Board granted summary judgment against Harmon because it found the company raised no issues it had not or could not have litigated in prior representation proceedings. It also found that by refusing to bargain, Harmon violated sections 8(a)(1) and (5) of the NLRA, 29 U.S.C. § 158(a)(1) and (5). This appeal followed.

We first consider the jurisdictional issues. Harmon argues that because its business is essentially local in character its labor activities do not affect interstate commerce. Congress vested the Board with the "fullest *jurisdictional* breadth constitutionally permissible under the Commerce Clause." *NLRB v. Reliance Fuel Oil Corp.*, 371 U.S. 224, 226, 83 S.Ct. 312, 313, 9 L.Ed.2d 279 (1963) (emphasis in original). Cases determining the Board's jurisdiction have focused upon the employer's activities. The Board may regulate any business if it is engaged in interstate commerce; or even if it is essentially local in nature, if its activities affect interstate commerce. *E. g., Community Currency Exchange, Inc. v. NLRB*, 471 F.2d 39, 41 (7th Cir. 1972); *cf. NLRB v. Merrill*, 388 F.2d 514, 518 (10th Cir. 1968) (Board may consider all of the employer's business operations). Contrary to Harmon's assertions that its activities are essentially local and do not affect interstate commerce, Harmon admits that it has annual revenues of more than $16,000,000 from extensive operations in nine states, and that for use in its business activities in Kansas and Missouri, it annually purchases

1. To obtain judicial review of a Board decision in either a representation proceeding or an election, an employer must refuse to bargain with the employee representative, which will result in an unfair labor practice charge against the employer. *Magnesium Casting Co. v. NLRB*, 401 U.S. 137, 139, 91 S.Ct. 599, 600, 27 L.Ed.2d 735 (1971).

thousands of dollars of goods originating outside those states. These factors clearly bring Harmon within the Board's statutory jurisdiction.

■ Petitioner next argues that the Board should decline to exercise jurisdiction because of the extent to which the school districts, which are exempt under NLRA section 2(2), control the conditions of employment. The Board may exercise its jurisdiction only over statutory employers, employees, and labor organizations. Section 2(2) exempts from the definition of "employer" any "state or political subdivision thereof." 29 U.S.C. § 152(2). Courts have interpreted section 2(2) to prohibit the Board from asserting jurisdiction over private employers that perform services for exempt governmental entities if the employer does not "retain sufficient control over the employment relationship to engage in meaningful collective bargaining." *Board of Trustees of Memorial Hospital v. NLRB*, 624 F.2d 177, 185 (10th Cir. 1980); *NLRB v. Pope Maintenance Corp.*, 573 F.2d 898, 902 (5th Cir. 1978).

Whether an employer retains sufficient control over the employment relationship is a question of fact. We must accept the Board's resolution of the question "unless unsupported by substantial evidence on the record considered as a whole, or unless arbitrary or capricious." *Id.* at 903; *accord, NLRB v. St. Louis Comprehensive Neighborhood Health Center*, 633 F.2d 1268, 1272 (8th Cir. 1980). The record supports the Board's conclusion that petitioner retains substantial control over most employment conditions. Harmon controls the basic bargaining subjects: wages, seniority, grievance procedures, vacation, insurance, and retirement plans.[2]

Harmon contends that the school districts' authority to reject job applicants and to recommend dismissal of a driver effectively eliminates Harmon's ability to engage in meaningful collective bargaining. We disagree. Courts view the absolute power to hire and fire workers as a relevant

but not essential indication of an employer-employee relationship, *e. g., NLRB v. E. C. Atkins & Co.*, 331 U.S. 398, 413, 67 S.Ct. 1265, 1273, 91 L.Ed. 1563 (1947), and have affirmed the Board's jurisdictional authority over an employer that has yielded some control over hiring and discharge to a governmental entity. *Zapex Corp. v. NLRB*, 621 F.2d 328, 333 (9th Cir. 1980); *Herbert Harvey, Inc. v. NLRB*, 424 F.2d 770, 778–79 (D.C. Cir. 1969). Even if the school districts vigorously exercise their authority to reject applicants or recommend dismissal of drivers, Harmon still would control and could bargain over most employment conditions. Moreover, the school districts only infrequently have exercised their authority to reject applicants or recommend dismissal. Harmon officials testified that between them the two school districts had rejected only two applicants Harmon had approved and had recommended dismissal on just four occasions, and that in all but one instance Harmon transferred rather than dismissed the drivers.

Harmon also emphasizes that it cannot bargain about bus routes, time schedules, and days of operation because the school districts specify those terms. The jurisdictional test, however, does not require an employer to control all terms and conditions of employment, but only enough control to bargain effectively. Since Harmon controls wages and benefits—the bread and butter issues of collective bargaining—it can engage in meaningful bargaining.

Finally, Harmon argues that the Board abused its discretion when it abandoned its earlier "intimate connection" test. Prior to *National Transportation Service, Inc.*, 240 NLRB 565 (1979), the Board utilized a two-pronged test to determine whether to assert jurisdiction over enterprises performing services for governmental entities. First, the Board would determine whether the private employer retained sufficient control over employment conditions to bargain effectively with a union. Second, even if the employer could bargain effectively, the

---

**2.** Although Harmon presently does not provide vacation time, insurance, or retirement plans, it admits it has the authority to grant these benefits.

Board would not exercise its jurisdiction if it found that the private employer served a function that was "intimately connected" with the governmental entity. The Board had considered school bus transportation a function "intimately connected" with the school districts and declined jurisdiction over companies providing school bus transportation. *E. g., Roesch Lines, Inc.*, 224 NLRB 203 (1976). In *National Transportation Service*, however, the Board abandoned the test's second prong and for the first time asserted jurisdiction over a bus transportation company.

■ Harmon makes various arguments that the Board abused its discretion in abandoning the "intimate connection" prong of the test, including that it should have followed the rulemaking procedures of the Administrative Procedure Act. *See* 5 U.S.C. § 553. We need not address Harmon's claims because it did not raise them until the unfair labor practice proceedings. A party cannot raise an issue in an unfair labor practice proceeding or on appeal that could have been, but was not, raised in the representation hearing.[3] *St. Anthony Hospital Systems v. NLRB*, 655 F.2d 1028, 1030 (10th Cir. 1981); 29 C.F.R. § 102.67(f) (1981).[4] While there is an exception to this rule if the party can demonstrate compelling circumstances, *NLRB v. Austin Development Center, Inc.*, 606 F.2d 785, 788 (7th Cir. 1979), Harmon has not suggested any compelling circumstances, and we decline to address the merits of this issue.

The Board's order is therefore enforced.

---

3. Although the Fort Zumwalt representation hearing took place before the Board decided *National Transportation Service*, the Wichita hearing occurred after that decision. At the Wichita hearing Harmon referred to *National Transportation Service*, but did not argue that the Board's decision in that case was an abuse of discretion.

4. 29 C.F.R. § 102.67(f) (1981) provides, in pertinent part:

"Failure to request review shall preclude such parties from relitigating, in any related subsequent unfair labor practice proceeding, any issue which was, or could have been, raised in the representation proceeding."