718 F.2d 201
 114 L.R.R.M. (BNA) 2827, 98 Lab.Cas. P 10,463
 ITT LIGHTING FIXTURES, DIVISION OF ITT CORPORATION,
Petitioner-Cross-Respondent,
v.
NATIONAL LABOR RELATIONS BOARD, Respondent-Cross-Petitioner,
and
International Union, United Automobile, Aerospace and
Agricultural Implement Workers of America (UAW), Intervenor.
 No. 1248, Dockets 83-4002, 83-4020.
 United States Court of Appeals,
Second Circuit.
 Sept. 20, 1983.
 
 Before NEWMAN and PRATT, Circuit Judges, and METZNER, District judge.*
 PER CURIAM:
 
 
 1
 By letter dated August 18, 1983, the Board contends that, although our jurisdiction to deny enforcement of the Board's bargaining order is clear, we lacked jurisdiction to vacate the election that served as the predicate for the Board's order. Treating the letter as a petition for rehearing, 712 F.2d 40 (2 Cir.1983),[1] we reject the Board's contention.
 
 
 2
 The Board calls to our attention cases supporting the traditional rule that orders in certification proceedings are not final orders within the meaning of sections 10(e) and (f) of the National Labor Relations Act, 29 U.S.C. Secs. 160(e), (f)(1976). Boire v. Greyhound Corp., 376 U.S. 473, 84 S.Ct. 894, 11 L.Ed.2d 849 (1964); American Federation of Labor v. NLRB, 308 U.S. 401, 60 S.Ct. 300, 84 L.Ed. 347 (1940). Those cases, however, do not preclude review; they simply postpone review until "the dispute concerning the correctness of the certification eventuates in a finding by the Board that an unfair labor practice has been committed." Boire, supra, 376 U.S. at 473, 84 S.Ct. at 894.[2] Once our jurisdiction has been invoked to review an unfair labor practice determination based on a refusal to bargain with a certified bargaining representative, the underlying dispute concerning the certification is properly before us. Section 9(d) of the Act, 29 U.S.C. Sec. 159(d) (1976), contemplates full review of the certification order that underlies an unfair practice determination arising out of an election and a subsequent refusal to bargain by providing for inclusion of the certification and the record of the investigation leading up to the certification in the record to be filed in review proceedings under sections 10(e) and (f). See Boire v. Greyhound Corp., supra, 376 U.S. at 477, 84 S.Ct. at 896, 897; NLRB v. Ortronix, Inc., 380 F.2d 737, 739 (5th Cir.1967). Upon an appellate court's determination that enforcement of an order of the Board based on an improper certification should be denied, the election underlying the certification has frequently been set aside. E.g., NLRB v. Carroll Contracting and Ready-Mix, Inc., 636 F.2d 111, 113 (5th Cir.1981); Exeter 1-A Limited Partnership v. NLRB, 596 F.2d 1280, 1284 (5th Cir.1979); NLRB v. Mr. Porto, Inc., 590 F.2d 637, 640 (6th Cir.1978); see also Summa Corp. v. NLRB, 625 F.2d 293, 296 (9th Cir.1980).
 
 
 3
 The Board's petition for rehearing is denied.
 
 
 
 *
 The Honorable Charles M. Metzner of the United States District Court for the Southern District of New York, sitting by designation
 
 
 [1]
 The Board's letter was filed beyond the time for a petition for rehearing, but we grant leave to file the "petition" out of time
 
 
 [2]
 Perhaps confusion has arisen because of the term "review." In cases coming to us from district courts, "reviewability" has generally referred to whether a particular issue is available for our consideration upon a proper appeal, and "appealability" has generally referred to whether a judgment or order can be the subject of a proper appeal. For example, an order granting a new trial is not appealable, but it is reviewable upon an appeal from an appealable final judgment entered after the second trial. See 6A Moore's Federal Practice p 59.15 (1983). Unfortunately, the distinction in terminology is blurred in appellate consideration of some agency decisions because the process of bringing an "appealable" agency order to a court of appeals is generally called "review." Thus, upon "review" of the Board's bargaining order, we "review" the validity of the election. Some courts have attempted to maintain the review/appeal distinction in NLRB cases by stating that a non-final certification ruling is not subject to "direct review," i.e., appeal, but that an "indirect method of judicial review" is available by way of a petition for review of a Board order directing bargaining after a certification. See Boire v. Greyhound Corp., supra, 376 U.S. at 476, 477, 84 S.Ct. at 896-897