967 F.2d 589
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
THE HILLHAVEN CORPORATION, dba Big Sky Care Center, Respondent.
 No. 91-70129.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 4, 1992.*
Decided June 9, 1992.
 
 Before FARRIS, WILLIAM A. NORRIS and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Hillhaven operates the Big Sky Care Center, a private nursing home. On February 9, 1990, the Acting Regional Director of the NLRB found a unit comprised of Hillhaven's licensed practical nurses (LPNs) appropriate for collective bargaining and directed an election. Hillhaven appealed the Acting Regional Director's decision, but the Board denied the request for review. Hillhaven nevertheless refused to bargain with the union representing the LPNs. The NLRB's General Counsel brought an unfair labor practices charge against Hillhaven; Hillhaven's defense was that the LPNs were supervisors and thus that the bargaining unit was inappropriate. The NLRB granted summary judgment for the General Counsel, and the Board petitions for enforcement of its order requiring Hillhaven to bargain with the LPNs.
 
 
 3
 We note at the outset that the Board was not required to review the Acting Regional Director's unit determination in the subsequent unfair labor practice proceeding. Magnesium Casting Co. v. NLRB, 401 U.S. 137, 141-43 (1971). In this court, however, "[i]n reviewing the Board's decision in an unfair labor practice proceeding, we may consider the entire record of both the certification and unfair labor practice proceedings." Napili Shores Condominium v. NLRB, 939 F.2d 717, 718 (9th Cir.1991); see also Wisconsin Dept. of Energy v. Gould, 475 U.S. 282, 288 n. 5 (1986). ("[T]he Board's certification of a bargaining representative is not subject to direct judicial appeal. An employer who believes that the Board erred in approving an election or defining a bargaining unit thus may obtain administrative and judicial review only by refusing to bargain and awaiting an enforcement action by the Board for violation of the Act.").[1] Enforcement of the Board's order in the unfair labor practices case turns on the appropriateness of the LPN bargaining unit;[2] we will grant the petition if the Acting Regional Director's decision is "supported by substantial evidence in the record viewed as a whole." NLRB v. Hawaiian Flour Mill, Inc., 792 F.2d 1459, 1462 (9th Cir.1986).
 
 
 4
 The Acting Regional Director carefully considered all of Hillhaven's arguments and found that the LPNs were not supervisors. Hillhaven stresses that LPNs are occasionally the highest decision making authority on the premises, and that their direction and evaluation of aides renders them supervisors. The Acting Regional Director, however, found that higher management is on call and available when not actually present, and that the LPNs' relations to the aides were routine components of patient care rather than supervisory functions. All of the Acting Regional Director's conclusions are supported by substantial evidence on the record considered as a whole.
 
 
 5
 The Board's order is ENFORCED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 On May 6, we ordered the parties to file supplemental briefs on this question by May 20. The NLRB's brief, mailed May 18, was not received by the Clerk of Court until May 28. The Federal Rules of Appellate Procedure provide that briefs "shall be deemed filed on the day of mailing if the most expeditious form of delivery by mail, excluding special delivery, is utilized." FRAP 25(a). The government's brief was therefore technically timely. See Prince v. Poulos, 876 F.2d 30, 32 n. 1 (5th Cir.1989). While we agree that ten days is a long time to deliver a package, even across the country, the government should realize that such delays are bound to happen occasionally. See Gilmore v. Lujan, 947 F.2d 1409, 1410 (9th Cir.1991) (affirming Bureau of Land Management refusal to accept one-day late lease application, mailed almost a month before the deadline). We can only suggest that government lawyers, frequent participants in federal litigation, make an effort to ensure that their briefs and other documents are not merely posted but actually received in an expeditious fashion
 
 
 [2]
 Before the Acting Regional Director, Hillhaven contended that all the LPNs were "supervisors" within the meaning of the NLRA and thus that an LPN-only unit was inappropriate. "The Employer did not otherwise contest the appropriateness of the [LPN unit]." Acting Regional Director's decision at 3 (Feb. 9, 1990)