141 F.3d 1178
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
ROYAL MANOR CONVALESCENT HOSPITAL, INC., Petitioner,
v.
National Labor Relations Board; Service Employees
International Union, Local 250, Respondent.
National Labor Relations Board; Service Employees
International Union, Local 250, AFL-CIO,
Respondent/Cross-Petitioner,
v.
ROYAL MANOR CONVALESCENT HOSPITAL, INC., Petit ioner/Cross-Respondent.
 No. 96-71084, 97-70067.
 NLRB No. 20-CA-26278.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 11, 1998**.
Decided Feb. 26, 1998.
 
 Petition for Adjudication in Civil Contempt and for other Relief.
 Before HUG, Chief Judge, FERNANDEZ and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The parties are familiar with the factual and procedural history of this case, therefore we will not recount it here.
 
 
 3
 Royal Manor claims that the ALJ's failure to address the Regional Director's unit determination bars the imposition of the Board's order for a new election. Direct judicial review of the Regional Director's unit determination is unavailable. To obtain review, an employer must refuse to bargain and raise the issue in a subsequent § 8(a)(5) unfair labor practice proceeding for refusing to bargain. See Magnesium Casting Co. v. NLRB, 401 U.S. 137, 139, 91 S.Ct. 599, 27 L.Ed.2d 735 (1971). The ALJ properly declined to address the unit determination.
 
 
 4
 The Board's unfair labor practice findings are supported by substantial evidence. The Board's finding that Royal Manor violated § 8(a)(1) by interrogating various employees was supported by substantial evidence. See Clear Pine Mouldings, Inc. v. NLRB, 632 F.2d 721, 725 (9th Cir.1980). Its findings that Royal Manor improperly conveyed the impression of surveillance of the union activities of its employees is also supported by substantial evidence in the record. NLRB v. Anchorage Times Pub. Co., 637 F.2d 1359, 1366 (9th Cir.1981). Statements made by a Royal Manor administrator to employees regarding the futility of selecting the union were aptly found to be unfair labor practice violations, NLRB v. Naum Bros., Inc., 637 F.2d 589, 592 (6th Cir.1981), and these statements are not deserving of protection under § 8(c) of the Act. The Board's finding that Royal Manor President Jennings' attempt to solicit an employee to campaign against the union constituted an unfair labor practice violation is supported by substantial evidence. See e.g., NLRB v. L.B. Foster Co., 418 F.2d 1, 2 (9th Cir.1969). Finally, the Board correctly affirmed the ALJ's finding of an unfair labor practice stemming from the solicitation of employee grievances. Idaho Falls Consol. Hospitals, Inc. v. NLRB, 731 F.2d 1384, 1386-87 (9th Cir.1984).
 
 
 5
 This court does not have jurisdiction to review the Board's order of a new election. Raley's, Inc. v. NLRB, 725 F.2d 1204, 1206 (9th Cir.1984) (en banc).
 
 
 6
 Royal Manor's appeal is DISMISSED and the Board's order is ENFORCED.
 
 
 
 **
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed. R.App. P. 34(a); Ninth Circuit Rule 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3